### COLEGROVE and others vs. HORTON.

On an application to the surrogate, by a person interested in the estate of the decedent, to compel the executor to give security, upon the ground of his pecuniary irresponsibility, the petition must state such particulars as to the situation and value of the estate of the decedent, and the pecuniary circumstances of the executor, as prima facie to render it probable that the estate of the testator will not be safe in the hands of the executor.

The petition is insufficient where the petitioner only states therein generally, in the language of the revised statutes, that, according to his information and belief, the circumstances of the executor are so precarious as not to afford adequate security for the due administration of the estate.

Where the executor, on the return of the citation, answers the petition and denies the allegations therein, upon oath, the petitioner must produce proof to establish the truth of such allegations; and if he fails to do so, his petition should be dismissed.

The surrogate cannot require the executor to prove his responsibility, before any doubt is raised, as to such responsibility, by proof introduced by the petitioner.

The surrogate, on such an application, should give to the executor an opportunity to put in a sworn answer to the petition.

THIS was an appeal from an order of the surrogate of Putnam county, requiring the appellants to give security for the faithful discharge of their trust, as executors of the estate of J. Colegrove, deceased. The respondent was a creditor of the testator; and as such, presented a petition to the surrogate, stating, among other things, that by the will of the decedent, who

died in December, 1841, seized and possessed of considerable real and personal estate, the appellants were appointed his executors ; that they were by such will authorized to sell all the real and personal estate of the decedent, and to pay his debts ; and that the circumstances of the executors were such as not to afford an adequate security, for the due administration of the estate. The surrogate thereupon cited the executors to appear and show cause why they should not give security, or be superseded; and also render an account of their administration of the estate. Upon the return of the citation the parties appeared, and the petitioner declined offering any evidence or proof—insisting that it was the duty of the executors to prove their responsibility ; and the surrogate so decided. One of the executors was then sworn and examined by consent, as to the responsibility and pecuniary resources of himself and his co-executor. He testified that he was the owner of real and personal estate worth between five and six thousand dollars more than his debts, and that his co-executor was worth five or six hundred dollars in personal property ; exclusive of their interest in the real estate of the testator, of which each owned one-ninth. And a witness, who was a resident of the same place with the executors, also testified that both were active business men ; and that one was reputed to be worth from five to eight thousand dollars, and that the other was worth five or six hundred dollars in personal property. It was also admitted, before the surrogate, that the executors had properly disposed of all the personal property of the testator, and had applied the same, together with all the rents and profits of the real estate, to the payment of his debts ; that they had, in addition thereto, paid $186 of their own moneys towards such debts ; and that the real estate of the testator, which was unsold, was worth about $2650, exclusive of a small incumbrance thereon.

*J. Holmes,* for the appellants.

*C. Ga Nun,* for the respondent.

Colegrove *v.* Horton.

THE CHANCELLOR. The surrogate was clearly wrong, in requiring the executors to prove their responsibility, before it was proved or admitted that there was any estate or property in their hands to be administered, or any thing alleged or proved on the part of the applicant, to raise a doubt as to their responsibility. Where a person interested in the estate of the decedent, seeks to obtain security from the executors, to whom probate of the will has been granted, it is not sufficient for him, in his petition to the surrogate, to state generally, in the language of the revised statutes, that, according to his information and belief, the circumstances of the executors are so precarious as not to afford adequate security for the due administration of the estate. But the petition should state such particulars, as to the situation and value of the estate of the decedent and the pecuniary circumstances of the executors, as prima facie to render it probable that the estate of the testator will not be safe in their hands. And if the executors, upon the return of the citation, answer the petition and deny the allegations therein, upon oath, the applicant must give some proof to induce the surrogate to presume those allegations are true. Here the petition was defective in this respect. For it did not state, even upon information and belief, the amount or value of the real or personal estate which had come to the hands of the executors, or that any thing remained in their hands to be administered ; or any thing as to the situation, nature, or amount of their property. Nor did the petitioner allege that she believed the executors, or either of them, to be insolvent or deeply involved in debt. Under such circumstances, and in the absence of any proof in relation to the value of the estate of the testator, or of a want of pecuniary responsibility in the executors, the surrogate should have dismissed the application.

But, if the petition had been properly drawn, the surrogate should have given the executors an opportunity to put in a sworn answer to the same. In that case the allegations in the petition which were not denied, might have been taken as true, without further proof; and those which were put in issue by the answer, would have been the proper subjects of investigation and proof

Colegrove v. Horton.

before the surrogate. Considering the examination of the executor in this case, as merely an answer to the general allegation in the petition, that the circumstances of the executors were so precarious as not to afford adequate security to the creditors of the estate, it was sufficient to render it necessary for the petitioner to give some evidence to sustain this suggestion in her petition. No such evidence, however, was produced; but on the contrary, the executors themselves produced evidence which was sufficient, prima facie, to show their pecuniary responsibility was ample, if the weight of proof had rested upon them.

There is no pretence that either of the executors is insolvent, or is wasteful or extravagant; or is engaged in any speculation which will be likely to endanger the proceeds of the real estate, of the testator, if they should sell such estate for the payment of debts, under the power contained in the will. The existence of such a power is stated in the petition, and is not denied by the executors, and, therefore, might be considered as admitted for the purposes of the application. It was admitted that all the personal estate had been properly administered, and that the executors had paid out a considerable amount of their own funds, in addition to the rents of the real estate, towards the debts. And if they sell the real estate, they will have in their hands the whole proceeds of that sale, in addition to the reputed property of both, which, in the aggregate, is more than $6000. This amount of funds, in the hands of prudent and discreet men, as one, at least, of these executors is proved to be, affords all the security which can reasonably be required, that these executors will faithfully discharge their trust; by paying over to the creditors such part of the proceeds of the farm as they may be entitled to, when such farm shall have been sold.

The order of the surrogate, requiring the appellants to give security, must therefore be reversed. And the petition of the respondent must be dismissed with costs; including the costs of the executors on this appeal.