limit its operation to the cases in which the complainants are expressly authorized to act by the 5th section of the act of February 1819. Neither party to have costs as against the other, upon the appeal.

*Gabriel P. Gratacap et al.* v. *Robert Phyfe adm'r &c.* M. T. REYNOLDS and O. L. BARBOUR, for appellants; E. SANDFORD, for respondent    Appeal from a decretal order of the surrogate of New York.  The chancellor decided in this case, that an order may be granted by a surrogate, after the expiration of eighteen months from the time letters of administration are issued, that the executor, or administrator render an account of his proceedings ; either upon the application of a creditor, legatee, or next of kin of the decedent, or such order may be made by the surrogate *ex officio,* without any such application.  But the proceedings are different where the order is made by the surrogate *ex-officio,* from what they are when it is made upon the application of some person interested.  In the first case it may be sometimes proper for the surrogate to make an absolute order in the first instance ; as it is a matter resting in his discretion whether he will require an account of the administration of the estate, although no person interested thinks proper to institute a suit for that purpose.  And it is a proper exercise of such discretion for the surrogate to require such an account, *ex-officio* whenever, *in his opinion, the rights of minors who are interested in the estate as legatees or next of kin render such an account pro-per.*  That on the rendering of such an account if it appears that the executor &c. has money in his hands belonging to infants, he should notify their guardians or relatives of the fact, so that the fund may be received and properly invested for the benefit of the owners.

But that in the case of an application by or on behalf of a person claiming to be interested in the estate as a creditor, legatee, or next of kin, an absolute order to account should not be made in the first instance, and without notice of the application, to the executor &c.  For in such cases the right of the applicant to call for an account may be questioned. That the surrogate, upon the presenting of the petition for an

*[margin note:]* Practice on calling upon executors &c. to render an account before a surrogate.

account, should direct the executor &c. to be cited to appear and show cause, at a specified time, why an order that he render an account of his proceedings should not be granted; so as to give him an opportunity to object that the affidavit of of the debt of the applicant is insufficient, or that he is not interested in the estate as a legatee, or as next of kin &c. And the party cited may show, in answer to the application that the right of the applicant to an account is barred by a release or otherwise.

Yet that, as a general rule, if a creditor swears positively to a debt due to him from the decedent he will be entitled to an order for an inventory and account of the estate. And the surrogate will not proceed to try the validity of the debt, or the amount thereof, upon a mere application to account; where the petitioner does not pray for the payment of the debt.

That even a contingent interest in the estate is sufficient to entitle the party having it, to an order that the executor &c render an account.

Appeal dismissed, without costs, and without prejudice to the right of the appellants to institute such suits for the recovery of the debts claimed by them as they may be advised.

*Edward Stainer* v. *Isaac Bell et al.* A. G. ROGERS, for appellant; N. DANE ELLINGWOOD, for respondent. Decree appealed from affirmed with costs.

*Casper Getman et al.* v. *Adam Getman et al.* H. ADAMS, for appellant; D. CADY, for respondents. Decree appealed from affirmed with costs.