EVANS *v.* BUCHANAN, Administrator of EVANS.

Where the administration of an estate is transferred to the Circuit Court, on account of the interest of the judge of the Common Pleas, under § 10 of the act establishing such Courts, the Circuit Court has jurisdiction and power to do any act in relation thereto, which could have been done by the Court of Common Pleas, had the administration remained in that Court.

The widow of a decedent has sufficient interest in his estate, to authorize her to apply for the removal of the administrator.

Neglect, on the part of an administrator, to file an account for nearly a year after the time fixed by the Court for that purpose, he having money in his hands belonging to the estate, and not paid over according to law, is sufficient, of itself, to authorize his removal.

APPEAL from the *Bartholomew* Circuit Court.

WORDEN, J.—In *March*, 1859, the appellant filed her complaint, duly verified, for the removal of the defendant, *Buchanan*, from his trust as administrator, stating, amongst other things, that she is the widow of the deceased; that at the *October* term of the Court of Common Pleas of that county, for the year 1857, the defendant filed an account of assets and credits, showing a balance then in his hands of $318, and asked an order continuing the further settlement of the estate until the next *April* term of said Court of Common Pleas; that he has wholly failed to settle the estate, or render any final or further account of the business thereof, or the assets in his hands; that the plaintiff believes that he has converted to his own use a large portion of the means of the estate, which came to his hands as such administrator, and that he has failed to pay over and account for moneys in his hands belonging to the estate, according to law, and to render a just and correct account of his administration. A demurrer was sustained to the complaint. The causes of demurrer were, that the Court had not jurisdiction over the cause, and that the complaint did not state facts sufficient, &c.

It appears by the agreement of the parties attached to the record, that at the time the complaint was filed, the administration of the estate was pending in the *Bartholomew* Circuit

Court; having been transferred to that Court for final settlement, by an order of the Court of Common Pleas, on account of the interest of the Common Pleas judge, as attorney for the appellant.

It seems to us, that when a cause is thus transferred from the Common Pleas to the Circuit Court, in accordance with § 10 of the act establishing Courts of Common Pleas, the Circuit Court must necessarily have jurisdiction and power to do any act which could have been done by the Court of Common Pleas, had the cause remained in that Court. If the administrator could have been removed by the Court of Common Pleas, he can now by the Circuit Court. It has heretofore been determined that a widow of a decedent has sufficient interest in the estate, to authorize her to apply for the removal of the administrator. *Pace* v. *Oppenheim*, 12 Ind. 533. We are of opinion, that the facts alleged are sufficient to require the removal of the administrator. A neglect for the space of nearly a year, after the time fixed by the Court for that purpose, to file his further account, he having in his hands, in the mean time, a considerable sum of money belonging to the estate, and not paid over according to law, is sufficient of itself to authorize his removal, without the other facts alleged in the complaint. 2 R. S. 1852, § 22, p. 252.

No brief for the appellee having come to our hands, we are not apprized of the ground upon which the decision below was made, but we think the demurrer should have been over-ruled.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*N. T. Hauser* and *F. T. Hord*, jr., for appellant.
*Herrod* and *Stansifer*, for appellee.