R. J. Dowdy *et al.*, Executors, *v.* E. G. Graham, Executor.

1. EXECUTORS AND ADMINISTRATORS: FAILURE TO RETURN INVENTORY OF DEBTS WHEN THERE ARE CO-EXECUTORS AND ADMINISTRATORS.—Art. 78, p. 442, of Rev. Code — which provides that if there be more than one executor, administrator, or collector, they shall all join in returning the inventory,

R. J. Dowdy et al., Executors, *v.* E. G. Graham, Executor.

and upon the refusal of one or more, their powers shall cease, unless within two months they shall assign a reasonable excuse, which the court may deem satisfactory — applies not to the inventory of debts as required by art. 73, p. 441, of Rev. Code, but to the inventory of property as required by art. 69, p. 440, of Rev. Code.

2.  SAME : REMOVAL OF EXECUTOR FOR FAILURE TO RETURN INVENTORY OF DEBT DUE FROM HIMSELF. — The failure of one co-executor to return in his inventory of debts a note due from himself to the estate, and which is in the possession of the other executors, and returned in their inventory, is no ground for his removal.

3.  SAME: SAME: PETITOIN FOR REMOVAL FOR FAILURE TO RETURN INVENTORY MUST BE BY SOME PARTY INTERESTED, AND NOT BY CO-EXECUTOR. — The petition, under art. 77, p. 442, of Rev. Code, authorizing the court to remove an executor or administrator upon failure to return an inventory, must be presented by some one interested in the estate, and not by one co-executor or administrator against the other.

4.  SAME: SAME: EXCUSE FOR FAILURE TO RETURN: CASE IN JUDGMENT. — Plaintiffs in error, on a petition for their removal as executors for their failure to return an inventory, offered as an excuse that they supposed a return by their co-executor was sufficient in law, and that it was agreed, as the evidences of debt were in the possession of the co-executor, that the return should be by him alone. *Held* — That the excuse was reasonable and satisfactory.

ERROR to the Probate Court of De Soto county. Hon. John A. Hancock, judge.

*T. J. & F. A. R. Wharton* for plaintiffs in error

Counsel for defendant in error contend that it is the *failure,* and not *refusal,* of an executor or administrator to return an inventory which requires his removal under the statute. According to this, wilful, continued and obstinate *refusal* to do so, within the time required by law, is no ground to vacate letters; yet *failure* to comply (it may be through ignorance, inadvertence, or accident) will vacate them! This is contrary to all reason.

For neither one nor the other does the statute authorize a peremptory revocation of letters. It is evident plaintiffs in error supposed the return by *one* was the act of all. All the statutes on this subject should be construed *in pari materia.* Art. 72, Rev. Code, p. 441, provides for return of inventory

within six calendar months, etc., else *attachment* may issue to enforce the return; and the court has power to *fine the party not exceeding fifty dollars.* Not a word about revoking letters.

Then follows art. 77, saying, in case of *failure* to return inventory, etc., a summons shall issue to *show cause why he has failed,* etc. Instead of that, they (plaintiffs in error) are required to appear, and *show cause why they should not be removed as executors.* Art. 78 following provides for the case of *more than one* executor or administrator, when one or more shall refuse to join in returning the inventory, allowing the delinquent two months to assign a reasonable excuse. Art. 77 has reference clearly to the case of a *single* administrator or executor; and art. 78 has reference to precisely such cases as the one at bar, by the requirements of which, those who have not joined shall be cited to appear, and show cause why they do not, as the law requires the return to be joint: the court cannot know whether they fail through ignorance or inadvertence, so they are cited to appear and join. If, then, they *refuse to join,* the court can revoke their letters; even in that case, *two months* are allowed them to assign a reasonable excuse.

In their answer, defendants below distinctly stated that they thought the return filed by their co-executor was sufficient for all. Then the court should have required them to show a reasonable excuse for their dereliction, instead of instantly and absolutely revoking their letters.

It is further alleged in the petition, that plaintiffs in error are indebted to the estate, etc. The defendant in error is in the same category, and any disqualification on that score would apply to one as well as to the other.

*White & Chalmers* for defendant in error.

Neither assignment of error embraces a correct principle of law. By art. 77, Rev. Code, p. 442, the *failure* of an administrator or executor, and not his *refusal,* to return an inventory is made cause of removal. In the assignment of errors this article seems to have been entirely ignored, and exclusive attention directed to art. 78; but this no more supports their cause than

the former one, which provides for "*any person interested*" filing a petition for removal of an executor or administrator, and where a regular trial of the issue is had.

But so anxious was the legislature to secure the return of an inventory, that it is enacted in the next article, if nobody will complain of an executor's failure to make such return, where there are more than one, that the one so defaulting shall cease to be such without any proceeding whatever, or any order of court, from the simple fact that he has refused. Art. 77 provides for a trial in court.

Art. 78 is wisely confined to cases where there are several executors or administrators, because where there is only one it would be dangerous to provide that he should tacitly and quietly cease to be in office, without his own knowledge or that of his neighbors.

It is only in cases arising under art. 78 that an executor is allowed to show cause within two months, where he ceases to be such by operation of law, and not by order of the court. It is absurd to say that after a full and fair trial, and an order of removal by the court, he should still have two months to appear and explain that which he failed to explain at the trial.

Even under art. 78 he is only allowed two months, from the time of his failure to join in the return of the inventory, within which to explain his conduct; and the record shows in this case several years had elapsed.

The rule of the common law, making the act of one executor the act of all, is changed by our statute, which requires *all* to join in returning the inventory.

SHACKELFORD, C.J., delivered the opinion of the court.

This was a proceeding by petition, commenced in the Probate Court of De Soto county, by the defendant in error, against plaintiffs in error, to have them removed as executors of the estate of W. W. M. Dowdy, deceased, petitioner being a co-executor of said estate.

Defendant in error alleges in his petition that he is one of the executors named in the last will and testament of said W.

W. M. Dowdy, that the plaintiffs in error were also appointed co-executors by said will with petitioner, and that they qualified as such.

He further states that his co-executors have never returned any inventory of said estate, or any annual account, as required by law, though several years have elapsed since their qualification, but that " they have thrown the entire burthen of said estate upon petitioner."

It is farther alleged that said co-executors are themselves largely indebted to the estate of the testator ; that R. J. Dowdy owes it about $1,000 and F. H. Dowdy about $400, " for which sums they respectively executed their promissory notes to decedent in his lifetime," " which are now, at the filing of this petition, in the hands of petitioner ; " and that the said R. J. and F. H. Dowdy have wholly failed to return and report the same to the court, " and that they have failed to discharge properly their duties as executors, etc., of said estate, and asks that they be discharged and removed as executors thereof."

The plaintiffs in error answer the petition of defendant in error, under oath and state in substance that petitioner is their brother-in-law, that his wife is their sister, that plaintiffs in error, and their sister are the only legatees and heirs of said testator, who was their father ; and that if no inventory was filed by them, it was because they supposed one inventory was sufficient, they having assisted petitioner in preparing it — the one which was returned of the debts, etc., due the estate ; that said inventory returned into the court by petitioner is very imperfect ; that two thousand dollars have been collected for the estate upon debts due it, not mentioned in the inventory of petitioner.

That they trusted to the petitioner to keep the accounts, do the writing, etc., in connection with said estate, " as petitioner professed to be better qualified to attend to the business than they were ; " they charge that the trust has not been faithfully carried out, and charge matters of bad faith, etc., which are not pertinent to this controversy.

An inventory of the debts due the estate rendered by peti-

tioner appears in the record, as well as in the will of W. W. M. Dowdy, and the letters testamentary, with the order of the court appointing the appraisers to appraise the estate. The record is very imperfect, but there is sufficient in it to enable us to determine the questions presented by the assignments of error.

Upon the hearing of the petition, and answer of plaintiffs in error thereto, there being no oral testimony taken at the hearing, the court removed the plaintiffs in error from their trust as executors of said estate. This action of the court is made the grounds for the two assignments of error, relied upon by plaintiffs in error to reverse the decree from which this writ of error is prosecuted.

The first assignment of error is, that the law provides for the removal of executors for *refusal* to return an inventory, and not for a *failure* so to do.

We shall only consider the first assignment of error; the disposition of that will determine the question involved in the second—that the removal of plaintiffs in error should have been conditional, and not absolute.

The provisions of art. 78, Rev. Code, p. 442, are relied upon by defendant in error as sustaining the action of the court in removing plaintiffs in error, which are, " If there be more than one executor, administrator, or collector, they shall all join in returning *the inventory*, but if one or more refuse to do so, the others may return *the inventory*, and the power and authority of the person so refusing shall thereafter cease; and those who return the inventory shall proceed in the administration, unless the delinquents shall, within two months, assign a reasonable excuse, which the court may deem satisfactory."

The question arises in the construction of this article, What " *inventory*" the legislature had reference to? It seems manifest to us that it has no reference to the inventory of money debts, etc., due an estate, to be returned by the executor or administrator under the requisitions in art. 73, p. 441, of Rev. Code; and if not, what inventory is meant or required to be returned? It is manifest that the reference is to the most important inventory required of administrators, executors, or collectors to return

— the inventory mentioned, and required of them to be made out of the assets of an estate to be appraised by the appraisers appointed by the court after grant of letters testamentary or of administration, or *ad colligendum.*

On the failure to return such an inventory, by any of the administrators or executors of an estate, the recusant administrator's or executor's powers thereafter cease, by operation of law, unless, within two months after the return of the inventory by one of the administrators or executors, the " reasonable excuse " is made to the satisfaction of the court.

There is no allegation in the petition of defendant in error that the plaintiffs in error failed to join him in the return of the inventory of the assets to be appraised, etc., required by art. 69 of said section 8 of the Rev. Code, p. 440.

In the grant of letters testamentary appearing in the record, an order of the court appears, appointing appraisers to appraise and return an inventory of the same to the executors.

If we are right in our construction of art. 78, p. 442, of the Code, the court erred in removing the plaintiffs in error for not joining him in his inventory of the debts and accounts due the estate, etc. His interest certainly was not prejudiced in the least by their failure to join in the inventory, as he shows by the same that all the notes and accounts, or other evidences of debts due the estate, were in his hands at the time of filing the petition. His wife, as one of the legatees and devisees of the estate, is not prejudiced by the non-joinder; it is shown by the will in the record, and the answer of plaintiffs in error, that she is a debtor to the plaintiffs in error in the sum of eighteen hundred dollars, as it is shown, and not controverted, that the estate is solvent. That the plaintiffs in error did not surrender or give in the debts due by them to the estate, as a ground for their removal, is without force, as the defendant in error shows their indebtedness by his inventory, and further shows by his petition that he is in possession of their notes given to their deceased father.

If the provisions of art. 78 did not warrant the court below in removing plaintiffs in error, could the court, under the showing

made by petitioner, legally remove the plaintiffs in error, under the provisions of art. 77, same section of the Code ?    We think not.

In this article, " if any executor, administrator, or collector shall fail to return proper inventories, within the time prescribed by law, or by the order of the court, a summons, returnable in not less than five days, may, *ex officio*, or on application of any person interested, be issued against such executor, administrator, or collector, to show cause why such inventory hath not been returned, etc. ; . . . and if such party do not appear, or appearing, shall fail to show good cause, the court may proceed to revoke the letters, and grant administration anew, as though such former executor, administrator, or collector had never obtained the grant of letters ; and on such revocation the power of such executor, etc., . . shall cease, and he shall deliver over to the person appointed in his stead all the property, goods, chattels and effects, etc., in his hands, or be liable to be sued on his bond.

It is clear that this article does not give the rights to one administrator or executor to require another to return the "proper inventories within the time prescribed by law ; " such a construction would be absurd. . This right is given to a creditor, legatee, or devisee — some person unconnected with the administration of the estate.    The use of the language, " to show cause why such inventory hath not been returned," could be construed into a failure to return either of the inventories required by law ; but even under such a construction the suggestion must come from an outsider, and not from a co-executor or administrator.    This article has reference to another article of the same section, to arts. 72 and 73, p. 441, of the Code, which is, " any inventory and appraisement so made out [under the provisions of arts. 70 and 71, pp. 440–1, of Code] shall be delivered to the administrator or executor, and by him shall be returned to the proper officer, *within six calendar months* from the date of the letters testamentary, or of administration, unless the court should grant further time ; and if any executor or administrator should fail to return the inventory at the time required by law, or by the

order of the court, an attachment may issue to enforce the return, and on the return of the attachment the court shall have power to fine the party not exceeding fifty dollars." It would seem that in case the court failed, under the powers granted in art. 72 to compel by attachment and fine, to procure a return to the court, within the time prescribed in art. 72, the proper inventories required by law, then the court should remove the recusant administrator or executor, under the provisions of art. 77.

No person interested in the estate of W. W. M. Dowdy, deceased, who had the right to complain, having made complaint, the court had no authority, under the provisions of art. 77, to remove the plaintiffs in error.

Another view of this case: even if we have been mistaken in our construction of the statutes in question, the facts appearing in the record, we think, show a sufficient excuse for the failure of the plaintiffs in error to join in the return of the inventory of notes, etc. It is clear from the facts that the non-joinder was not the result of a refusal on the part of the plaintiffs in error to join in the return of the inventory, but arose from a misapprehension of the law, and *quasi* agreement between all the parties, that the defendant in error should make the return of the inventory, he being in possession of the notes, accounts, and evidences of debts due the testator. If any injury could arise from the fact that only one executor made out the inventory, it seems, from the allegations in the answer of plaintiffs in error, that that injury can only arise from the imperfect manner in which the defendant in error made it out, having omitted to embrace in the inventory debts to the amount of two thousand dollars.

The court should order the executors to make a new inventory of the notes and accounts due the estate, or order an additional one to be prepared under the supervision of all the executors, and order the plaintiffs in error to make affidavits to the one on file, to the extent it goes *nunc pro tunc.*

For the foregoing reasons, we think the errors assigned are

well taken, and that the decree should be reversed and set aside, and that the case be remanded for further proceedings in accordance with this opinion.