IN THE MATTER OF THE GENERAL ASSIGNMENT OF COWING & CO., ETC.*

*Assignee for the benefit of creditors — right of a creditor to compel him to account — 1877, chap. 466 ; 1878, chap. 318.*

Under chapter 466 of 1877, and chapter 318 of 1878, providing for general assignments for the benefit of creditors, the County Court may, upon the application of a creditor, require the assignee to render an account, and this without bringing in all the parties interested in the estate or proceeding to a final settlement. But the order in the first instance should be a citation to show cause, and not an order absolute.

APPEAL from an order of the County Court of Seneca county, directing that a citation issue to the assignee Lathrop, requiring him to appear on a day named and to render an account of his proceedings.

*Charles A. Hawley*, for the assignee, appellant.

*Howland & Wheeler*, for the petitioner, respondent.

DWIGHT, J. :

The order was made on the petition of a creditor, and directed that a citation issue requiring the assignee to appear on a day named and render an account. It is objected that the order should have been for a citation to show cause, and not for a citation absolute in its terms.

An examination of the existing statute relating to assignments for the benefit of creditors, discloses some apparent inconsistencies in its provisions for calling the assignee to account, which may have been caused by successive amendments not carefully adjusted to portions of the former statutes left unrepealed. It was no doubt, the intention of the legislature in all the successive enactments, to provide that the assignee might be required in a proper case to render an account on the application of a creditor of the assigned estate ; and this, independent of the final accounting or settlement of the accounts of the assignee.

---

* Decided October, 1881.

(Laws of 1860, chap. 348; Laws of 1877, chap. 466; Laws of 1878, chap. 318.) Unfortunately, that intention is not as clearly expressed in either of the later enactments as in the original statute of 1860. By section 4 of that act it is provided that the county judge shall have power, upon the petition of any creditor, after the lapse of one year from the date of the assignment, to issue a citation compelling the assignee to appear and show cause why an accounting shall not be made, and to decree payment, etc.

The act of 1860 was repealed by the act of 1877. The latter statute (sec. 11) provides for a citation requiring the parties to show cause why an accounting *and settlement* should not be had, and that this may be required on the petition of a creditor (or of other parties mentioned) after the lapse of one year, etc. Section 12 of the same statute provides that the citation issued on the petition of a creditor may be addressed to and served upon the assignee alone, but that on the return of such citation the assignee may have a general citation issued to all the parties interested.

The act of 1878 amends section 11 of the act of 1877, and as amended that section now provides for a citation to be issued by the County Court to all parties interested, requiring them to appear and show cause why a *settlement of the account of proceedings* of the assignee should not be had, and if. no cause is shown, to attend the settlement of such account. The provisions of the section as to the persons by whom and the time within which a petition may be presented for such citation remain as in the act of 1877, and section 12 remains unchanged.

We have, then, by the act of 1877, as amended by that of 1878, a provision in terms for no other citation than one to all parties interested, requiring them to show cause why a settlement of the accounts of the assignee should not be had; and yet section 12 continues to provide that when the citation is issued on the petition of a creditor, it may be addressed to and served upon the assignee alone. There is also the general provision in section 25 to the effect that the court may exercise the power of a court of equity in reference to the trust and all matters involved therein.

Upon the whole, then, we have no difficulty in concluding that, notwithstanding some confusion in its terms, the statute still provides, as it did in 1860, for requiring the assignee to account on the

petition of a creditor, and this without the necessity of bringing in all the parties or proceeding to a final settlement of the accounts. We are also of the opinion that this should be done by a citation to show cause. Such is the citation in terms provided for by the statute in all its stages of amendment. Such a citation conforms the proceeding in question to what seems to have been the better practice of surrogates before the Code (See Redf. Surrogate, 365; *Gratacap* v. *Phyfe*, 1 Barb. Ch., 485), and to what is positively prescribed by the present Code in all analogous proceedings in the Surrogates' Courts. (See, as to citations to account of executors and administrators, guardians and testamentary trustees, respectively, Code of Civil Pro., §§ 2726, 2727, 2808, 2850.)

This practice is also in harmony with that of courts of equity in the enforcement of trusts, in which a trustee can never be required to render an account at the suit of any person until he has had an opportunity to meet the allegation of such person that he is entitled to have an accounting.

Under the provisions of the statute and in conformity to the practice in analogous proceedings, as well as upon considerations of justice and convenience, we think that the order in this case, in the first instance, should have been for a citation requiring the assignee to show cause why he should not render an account.

The order appealed from is for that reason reversed, but as the question under the statute is a new one, the reversal is without costs to either party as against the other.

SMITH, P. J., and HARDIN, J., concurred.

Order appealed from reversed.