ELIZA WHITE, DANIEL H. ROGERS AND GEO. N. FLETCHER
v. RUFUS H. SPAULDING, ADM'R FOR WILLIAM WHITE.

*Estates of decedents—Removal of administrators—Petitioner's interest—
Showing of cause.*

A petition for the removal of an administrator is insufficient if it is not
presented by persons interested, and does not allege sufficient cause.

The widow of an intestate whose administrator was given ancillary
powers over property supposed to have been left in another jurisdiction from that in which he was domiciled when he died, has no
interest in petitioning a probate court in the foreign jurisdiction to
remove the administrator, especially if her petition does not allege
the existence of real property there.

A widow has an interest in expediting the administration of her husband's estate in the jurisdiction where he was domiciled when he died,
if the statute of distributions prevailing there gives her a share of his
personalty.

A widow need not await the administrator's proceedings before having
dower assigned to her in her husband's real estate.

*It seems* that the principal administration of an estate, and an ancillary
adminstration in another jurisdiction, may well be in the same hands,
or at least not in hostile hands.

The mere allegation, in a petition for the removal of an administrator,
that the petitioner is a creditor, is not enough to establish the fact,
even for the purposes of the petition, without showing by what
instrument or contract he became so, or making some *prima facie*
showing in support of the claim.

Persons merely claiming to be principal creditors of an intestate who
died in a foreign domicile do not make a sufficient showing of
interest to sustain their petition to a probate court in Michigan for
the removal, for neglect of duty, of an administrator who was given
ancillary powers over property supposed to be left within its jurisdiction, especially if the letters of administration were taken out seven
years before the petition was filed, and the records of the court do
not show that any claims have ever been allowed in the petitioners
favor, and their petition is the first notification to the administrator
that they claim to be creditors of the intestate.

A petition for the removal of an administrator " for non-performance of
his duty " is fatally defective in that the allegation of cause is not
specific enough to put the administrator on his defense. Nor is it

sufficient to merely allege neglect and refusal to perform the orders of the court, without being more specific; or to allege delay without showing that the petitioner had tried to expedite proceedings.

Notice of proceedings to remove an administrator who lives in a foreign jurisdiction, and whose residence is known, should be personally served on him and on the heir at law.

Where a proceeding to remove an administrator is fatally defective and an amended petition is filed, the proceedings on the amended petition must be taken precisely as if it were the first step, and the heir at law and the administrator must have full notice.

A void proceeding cannot be adjourned into validity.

A petition for the removal of an administrator must. purport to have been made by persons interested; and if one signs the name of another to the petition he must show his authority for doing so.

Non-residence is not of itself a sufficient reason for the removal in a foreign jurisdiction of an administrator whose powers are merely ancillary there, but who is also the principal administrator at the domicile of the intestate; the petition for removal must show that the non-residence prejudices the petitioner's interest.

Certiorari to Alpena. (Hart, J.) January 5.—January 17.

PROCEEDINGS to remove an administrator. The administrator brings error. Reversed, and proceedings quashed.

*J. B. Clayberg* for petitioners.

*J. D. Turnbull* and *J. C. Shields* for respondent.

COOLEY, J. This case comes before us on certiorari to review proceedings which have been had in the probate court for the county of Alpena, and afterwards in the circuit court on appeal, to remove the respondent from the office of administrator of the estate of William White deceased, and which resulted in an order for his removal.

Without going into the evidence in the case, which is set out in full in the record, it will be sufficient for our purposes to state the facts as they appeared of record in the probate court at the time the administrator was called upon to make answer to the charges against him.

William White, it appears, was a resident of the State of Massachusetts, and died in that state in 1873. He left sur-

viving him Eliza White, his widow, and a daughter, his sole heir at law, both of whom then resided and still reside in Massachusetts. The respondent, very soon after the death of William White, was appointed administrator in the state of Massachusetts, and on the supposition that there was property belonging to the estate in the county of Alpena, letters of administration were taken out by the respondent in that county also. That administration was of course ancillary to the administration in Massachusetts. If there was any such property, no inventory was ever made of it and filed in the probate court. The reasons for this we could only obtain from the evidence, and into that we do not go; merely stating the fact that up to the time when the petition for removal was filed there was nothing of record to show that the ancillary administration had anything on which to act. A warrant had been issued to commissioners for proving claims, and the commissioners had made their report showing that none were proved, but the record did not show any order for the warrant. Neither did it show any application by creditors to prove claims in any way, or any orders by the probate court to expedite the proceedings of the administrator.

Such was the position of things when, on July 19, 1880, the following petition was presented in the probate court:

"STATE OF MICHIGAN, COUNTY OF ALPENA—ss.

In the matter of the estate of William White, deceased.

To the Hon. J. D. Holmes, Judge of Probate for the county of Alpena, in the State of Michigan.

We, the undersigned, Eliza White, widow of the late Wm. White, of Boston, Massachusetts, and D. H. Rogers, of Boston, and Geo. N. Fletcher, of Detroit, principal creditors of the said White, deceased, ask that you will remove Rufus H. Spaulding, of Boston, who was appointed administrator of the estate of said White, in 1873, by Obed Smith, Judge of Probate, for non-performance of his duty, and such other reasons as will be presented to you on the hearing thereof, and to appoint, in his place, some other suitable person resident of the State of Michigan.

                                ELIZA WHITE,
                                D. H. ROGERS,
                                GEO. N. FLETCHER."

This petition was verified in general terms by Fletcher, and the judge of probate made an order for hearing upon it on August 14th following. The order directed that notice be given to all persons concerned by three weeks publication in an Alpena newspaper.

As this petition was the beginning of the present proceeding, it becomes important to know whether it was sufficient to invoke the jurisdiction of the court for the object at which it aimed. To render it sufficient for the purpose two things were essential : *first*, that it should be presented by parties interested in the proposed order; and *second*, that it should allege sufficient cause. Mere intruders have no business to interfere in the management of estates, and are not concerned with the shortcomings of those to whom their administration has been committed. *Dowdy v. Graham* 42 Miss. 451; *Carroll v. Huie* 21 La. Ann. 561.

The petitioners in this case represent themselves as being the widow and principal creditors. No question is made respecting the fact of Mrs. White being the widow, but it is denied that, as such, she had any apparent interest. If the intestate at the time of his death had been domiciled in this State, so that his personalty must be distributed according to our laws, and the widow under the statute of distributions would have been interested in the property, no doubt could have arisen respecting her interest in the expediting of administration. *Pace v. Oppenheim* 12 Ind. 533; *Evans v. Buchanan* 15 Ind. 438. But in this case the intestate was domiciled at the time of his death in Massachusetts; his widow, if entitled to personalty, will obtain it there and according to the laws of that state, and the wrong, if any is being done to her, is done there and by the respondent in his capacity of principal administrator, and not here in this mere ancillary proceeding. The impropriety of the widow coming to Michigan from Massachusetts, where she has her home, to complain of the administrator who also resides in Massachusetts, where her right to claim anything from him in his representative capacity is a right given and measured by and enforceable under the laws of Massachu-

setts and in its courts, seems too obvious to be enlarged upon. And it is presumed that parties having substantial grievances do not often go several hundred miles to a foreign jurisdiction for a justice which can be more properly as well as more completely awarded to them in the forum of their domicile.

It is true that if real estate shall be discovered, belonging to the estate in Michigan, the widow will be entitled to dower in it, but it is also true that she makes no allegation that there is such estate, and if there were any, she is under no necessity of awaiting the proceedings of the administrator to have dower assigned to her in it. His proceedings do not necessarily delay her in any way.

We need not remark upon the fact, which will probably not be contested, that there is a manifest propriety in having the principal and the ancillary administrations in the same hands, or at least not in hostile hands, and that if there is any substantial reason why this administrator should be removed, the Massachusetts court is *prima facie* the one to be appealed to. But for the purposes of this case it is sufficient for us to say that the widow shows or indicates no interest of her own to be subserved by the proposed order, or which is prejudiced by the action of the administrator.

The other petitioners claim to be principal creditors. The fact that they are such is left to stand upon their naked assertion without specification or explanation. What are their claims, and when did they accrue? Neither the record nor the petition gives us any light on that subject. Under some systems of probate proceedings, differing from ours, and where the claims are not proved in the probate court, very slight showing of indebtedness to the petitioner would no doubt be sufficient, because it would not be expected that on the hearing of such a petition there should be a trial on disputed collateral facts; but under no system would a naked allegation that one was a creditor, without showing how or by what instrument or contract he became such, be sufficient. There should be at least a *prima facie* showing in any case. *Gratacap v. Phyfe* 1 Barb. Ch. 485;

*Cotterell v. Brock* 1 Redf. Sur. 148; *Colegrove v. Horton* 11 Paige 261. But under the system which prevails in this State all claims are proved and allowed either in the probate court itself or before commissioners appointed by, and who report to, the probate judge; so that the records of the probate court show, after the proper time has elapsed, whether there are any creditors or not, and if there are any, who they are. In the early stages of an administration this might not be so, but after the lapse of several years it is presumptively so always.

In this case not only do Fletcher and Rogers fail to show that they have any claim, but the *prima facie* case is against them. If the proceedings of the commissioners who were appointed to pass upon claims were valid, it is plain that these parties are not creditors. But we do not at this time enter upon the question of the validity of the proceedings of the commissioners, because independent of that, these parties apparently have no claims. Their claims, if any, could only have arisen in the life-time of the intestate: he died and letters were taken out upon his estate more than seven years before this petition was presented, and it is this petition that for the first time, so far as the court was informed, notified the administrator that these parties claimed to be creditors. The same paper that first asserted their claims as creditors, demanded the removal of the administrator for neglect of duty towards them in that character. This was simply preposterous. That presumptively they had no claim is sufficiently shown by *Estate of Godfrey* 4 Mich. 308; *Sperry v. Moore's Estate* 42 Mich. 353; *Brown v. Forsche* 43 Mich. 492. It is immaterial in this case whether or not exceptional circumstances existed which would make them creditors; the courts can only consider such circumstances when they are brought to their notice in some proper way.

This petition then was fatally defective in the first requisite of showing an interest in the petitioners. It was equally defective in its statement of the ground of complaint. The vague allegation of neglect of duty was not

sufficient to put the administrator upon his defense, and he might have disregarded it altogether. The judge of probate should have refused to make any order for hearing upon it.

The judge of probate not only made an order for hearing, but as has been said, he directed constructive service to be made by publication in an Alpena paper. As.the parties to be notified, the administrator and the heir-at-law, both resided in Massachusetts and their residence was known, the judge should not have contented himself with directing a publication of which they might never hear, but should have directed personal service also. He was probably right in assuming that the statute did not require this; but these proceedings are supposed to have substantial justice in view, and the judge of probate should never overlook that fact.

Notice of the proceeding seems to have reached the administrator, and he appeared on the day assigned for hearing, but only for the purpose of moving to quash. Thereupon the petitioners, by an attorney who answered for them, asked and obtained leave to amend. An amended petition was then filed, which appears to have been signed by Fletcher and Rogers, and to which Fletcher also put the name of Mrs White. This petition is as follows:

" STATE OF MICHIGAN, ﹜ ss.
　　County of Alpena, ﹜

Probate Court for Alpena County.

To the Hon. J. D. Holmes, Judge of Probate for said County:

In the matter of the estate of William White, deceased.

Your petitioners would respectfully represent to this court that they are interested in said estate, as creditors of said William White, deceased; that on or about the 15th day of August, 1873, one Rufus H. Spaulding, of Boston, Massachusetts, was appointed administrator of said estate, by the probate court of Alpena county, and still assumes to be administrator of said estate.

Your petitioners further show that on or about the 19th day of July, 1880, they filed their petition in this court, for the removal of said administrator, and that an order to show cause was duly made by this court, upon such

petition, as will more fully appear, reference being had to the records, files and orders of this court therein.

Your petitioners further represent that they are informed that their said petition is informal, and make this as their amended petition, to cure any informality and defects in said petition contained.

Your petitioners further represent that said Rufus H. Spaulding is a non-resident of this State, and that he resides in the State of Massachusetts, and should be removed from his office as such administrator, for the following reasons :

First. That said Rufus H. Spaulding, as such administrator, has neglected and refused to perform the orders and decrees of this court in settling said estate.

Second. That said administrator has refused and neglected to comply with the requirements of law and the orders of this court, in not filing the requisite bond, in accordance with the laws of this State.

Third. That said administrator has neglected and refused to render any account of his doings in reference to said estate.

Fourth. Said administrator has taken no steps to close up said estate, although the time limited by law for that purpose has long since expired.

Fifth. That said administrator resides out of the State, and is a resident of the State of Massachusetts.

Sixth. That said administrator has neglected, for six years, to administer said estate, and has continually during said time disregarded the interests of creditors of said estate and the persons interested therein.

Your petitioners further represent, upon information and belief, that there are lands, or interests in lands, belonging to said estate, or assume so to, located in the county of Alpena.

Your petitioners therefore pray that the said administrator be removed from his said office, and that the day fixed for the hearing of their petition, heretofore filed, may be considered and treated as the day fixed for hearing this, their amended petition, or that this court may fix such other day for the hearing thereof as may seem just, and that the said administrator may be required to render, forthwith, an account of his administration of said estate, and that such further and other orders and other proceedings may be had in the premises as required by law.

> GEO. N. FLETCHER,
> D. H. ROGERS,
> ELIZA WHITE. G. N. F."

On receiving this petition the judge ordered the hearing to stand over to the fourth day of September, when the case was proceeded with and an order of removal made.

No notice of this amended petition to the heir at law was ordered or was given. If the first petition was fatally defective, as we have found it to be, proceedings on the amended petition should have been taken precisely as if that were the beginning. If the amended petition was sufficient, it was the first paper to set the court in motion, and the heir at law, as a party chiefly concerned, was required to have notice of it. A void proceeding could not be adjourned into validity. The proceeding therefore failed at this stage for want of notice to a necessary party. The heir at law might have waived the defect of notice, but as she did not appear she never did so.

But the second petition was nearly as defective as the first. Fletcher and Rogers again fail to show that they are creditors, and Mrs. White equally fails to show her interest. Besides, she does not sign this petition, and Fletcher does not show he had authority to sign it for her, or even assert such authority. If, therefore, it might otherwise be sufficient as to her it would be defective in not appearing to be made by her. The causes assigned for removal with one exception are still vague. There is an allegation of neglect and refusal to perform the orders and decrees of the court, but none are mentioned. Delay is complained of, but there is no pretense of any steps taken by any person concerned or by the court to expedite the proceedings. One ground for removal, however, is distinctly asserted, namely, that the administrator is a non-resident of the State. There is no doubt that a court upon that ground would have the power of removal.

But while we say the court upon that ground would have power of removal, we must also add that in case of a mere ancillary administration, when the ancillary is also principal administrator, it would be very improper to exercise the power without some further reason than the non-residence. There should at least be some showing that the non-resi-

·dence operated prejudicially. But it is needless to discuss this upon proceedings so defective as these.

It is also needless to enter upon an examination of the facts set out in the answer, or to discuss the evidence. When parties establish for themselves no standing in court, we cannot be required to investigate and pass opinions upon their controversies. This whole ·proceeding had no legal foundation whatever and should never have been permitted to occupy the attention of the probate and circuit courts. It must be quashed now, with costs of all the courts against the petitioners.

GRAVES, C. J. and MARSTON J., concurred.

CAMPBELL, J. I concur in the result on the ground that the first petition, on which alone there was a valid publication, gave no jurisdiction. Upon other matters I express no ·opinion.