## CUSICK *v.* HAMMER.

[S. C. 36 Pac. 525.]

ESTATES OF DECEDENTS—APPOINTMENT OF CREDITOR AS ADMINISTRATOR.—A petition by one who alleges himself to be the principal creditor of a decedent's estate, asking for the appointment of petitioner as administrator of the estate and for the removal of another creditor who has been appointed administrator, is insufficient unless it avers the facts which make him the principal creditor,— a general allegation to that effect is not sufficient.

APPEAL from Marion: GEO. H. BURNETT, Judge.

This proceeding was commenced in the county court of Marion County to set aside and revoke the appointment

of Seth R. Hammer as administrator of the estate of Henry E. Sterling, deceased, and for the appointment of R. J. Fleming in his place. The facts are that on February twenty-first, eighteen hundred and ninety-three, and within thirty days after the death of Sterling, Hammer was, on the petition of the only heir of deceased, appointed administrator of his estate, and immediately qualified and entered upon the discharge of his duties. After the expiration of thirty days, and within forty days from the death of the intestate, Fleming and other creditors filed a petition for the removal of Hammer and the appointment of Fleming, in which it was alleged, among other things, that Fleming is the principal creditor of the estate, and that Hammer is not a creditor thereof. In response to a citation, Hammer appeared and moved to dismiss the petition. The motion was accompanied by, and in part based upon, an affidavit of Hammer, in which he states that the estate is indebted to him for cash loaned to the deceased on or about December twentieth, eighteen hundred and ninety-one, and that the petition for his removal is false in alleging that he is not a creditor. Upon this showing, the county court denied the prayer of the petition, and, on appeal to the circuit court, its action was affirmed, hence this appeal.

AFFIRMED.

*Mr. S. T. Richardson*, for Appellant.

*Messrs. Bonham & Holmes*, for Respondents.

Opinion by MR. JUSTICE BEAN.

Under the statute (Hill's Code, §§ 1085, 1086,) the right to administer upon an estate is first in the widow or next of kin, or both, in the discretion of the court, if qualified and competent for the trust; but if they do not apply within thirty days from the decease of the

intestate, they shall be deemed to have renounced their right thereto, and it is then in one or more of the principal creditors, if they apply within forty days. It is under this latter provision that the petitioners claim the right to administer upon the estate, and to have the letters issued to Hammer revoked and recalled, but they are met at the threshold of the case by an objection which to us seems fatal. The petitioners claim that Fleming is the principal creditor of the estate, and therefore entitled to letters of administration, but this fact is left to stand alone upon a naked assertion to that effect. The record shows that both Hammer and Fleming are creditors, and, since Hammer's appointment is regular in form, before he can be removed, or his letters revoked, at the instance of some other creditor, who claims a better right to administer simply because he is the principal creditor, the petition for removal should aver the facts which make him such creditor, and a general allegation to that effect is not sufficient: *White* v. *Spaulding*, 50 Mich. 22, 14 N. W. 684. In an *ex parte* application for the appointment of an admistrator, an allegation that the petitioner is the principal creditor of the estate would perhaps be sufficient to give the court jurisdiction to make the appointment, but when the regularity of an appointment already made is attacked, and sought to be revoked because issued to the wrong member of a class entitled to administer, the petitioner must affirmatively show in an issuable form facts which, if true, give him the preference under the law. It follows, therefore, that the decree of the court below must be affirmed.

AFFIRMED.