(Darke County Common Pleas.)

**H. A. FOX et al. v. LOUISA KIESTER et al.**

———

An order of the probate court removing an executor or administrator, is an order affecting a substantial right made in a special proceeding and may be reviewed on error on application to the court of common pleas.

———

FISHER, J.

This case was presented to the court on a motion to dismiss the petition in error to the probate court. The question raised on this motion is one of much interest and one that, in terms, has not been determined by our supreme court, and I desire to express my thanks to counsel for the exhaustive argument and aid they have given the court in the investigation of the question. I have followed with interest the arguments and have given the question my best consideration in the time I have had since coming into his court, I am unable however, to give little more than my conclusions.

The grounds of the motion to dismiss are: That the power of removal of an executor or administrator being exclusively vested in the probate court, it is within its sole discretion; and having exercised its discretion, such discretion cannot be reviewed on error; that the order of removal of an executor or administrator is not an order affecting a substantial right—that such order does not affect any property rights, but only the administration of a trust.

It is conceded on the authority of the 15th Ohio St., 484, and the 50th Ohio St., 701, that no appeal will lie from an order removing an administrator, so that, if any relief is given from such an order, it must be by proceedings in error. The right to review on error must therefore depend on sections 6707 and 6708, of the Rev. Statutes. Section 6707 reads as follows: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judg-

ment, is a final order which may be vacated, modified, or reversed, as provided in this title." Section 6708 provides: "A judgment rendered or final order made by the probate court, justice of the peace, or any other tribunal, board, or officer, exercising judicial functions, and inferior in jurisdiction to the court of common pleas, may, be reversed, vacated, or modified by the court of common pleas."

The first question then to determine is: had the executor in this case a legal right which was affected by this order, a right given and recognized by law to exercise the office of executor? And second, was the order of removal one affecting that right made in a special proceeding? If these questions are determined in the affirmative, then, under section 6708, the right to review the order is given.

The case of Mosier v. Harmon, 29th Ohio St., 220, is clearly distinguished and not in point as must be apparent from the able and clearly expressed opinion of Spear, Judge, in the case of the Missionary Society v. Ely, 56th Ohio St., 405-415. Unless there is a remedy by writ of error, there is no remedy. Section 524 gives exclusive jurisdiction to the probate court, but section 5995 provides that letters shall issue to the executor named in the will, if he is legally competent, and section 6005 provides to whom letters of administration shall be granted, and in what order the persons named shall be entitled to administer. "A substantial right, is defined by our supreme court in the case of Armstrong, Receiver, v. Heranourt Brewing Company, 53 Ohio St., 467, as one involving a legal right. Such a right as may be enforced and protected by law.

As to what constitutes a substantial right is further clearly defined by our court in the case of the Railroad Company v. Sloan, 31 Ohio St., 1, and the case of the Missionary Society v. Ely above cited; both cases are instructive on this question.

It would appear, therefore, clear from these authorities, that the statute, defining who shall have a right to

administer, vests in each person named a legal right to administer in the order named, which right cannot be ignored by the court nor be waived by any person other than a person having that right. This doctrine is fully recognized by our court in the case of Todhunter v. Stewart, 39 Ohio St., 181, which was a proceeding in error from the refusal of the probate court to appoint one entitled under section 6005 to administer.

It is also recognized in the case In the matter of the Estate of John F. Ulhorn, 12 Circuit Court Report, 765, which was also a proceeding in error from the order of the probate court refusing to appoint J. H. Ulhorn administrator.

A long recognized practice and unquestioned interpretation of the statute both by the bench and bar are strong arguments in favor of the correctness of the rule of practice.

It will appear from an examination of the authorities in states having statutes similar to our own, that there does not seem to have been any question raised as to the right to review either on error or appeal the orders of the probate court refusing to appoint one entitled to administer, or from an order removing one appointed as of right from his office. In the case of Cobb v. Newcomb, 19 Pickering, 336, Chief Justice Shaw in rendering the opinion says this: "The right to administer—and I may say that our administration law is copied and founded upon the Massachusett law, and therefore the Massachusetts decisions are more in accord with our own than in any other state in the union—"The right to administer may often be a valuable one, and is now to some extent fixed by law and does not depend upon a mere judicial discretion of the judge. The right is first in the widow and next of kin, either or both, as the judge may order. In the present case the widow renounced her claim; but this did not give her the right to name another person." It will appear that this case went from the probate court to the circuit court on appeal—the word "appeal" is used interchangeably with the word "error", and means the same as our proceedings in error, —so this case went into the supreme court, upon appeal or error, recognizing the doctrine, according to the practice there, that it was a case for review. See also the 42 Miss., 451-458; the 30 Ark., 198 and 207.

Judge Woerner in his work on Administration, (which is not in the libary,) lays down the doctrine very clearly as to the rights of the parties to administer. If, by virtue of the statute, a legal right is vested in a person, to administer, which he may enforce, and, on refusal, have the errors of law reviewed by a higher court, then it seems to follow that this legal right does not end with his appointment. His right to administer the trust to the end is as valuable as it was before his appointment. The right is, not only to be named as administrator, but also to administer the trust to the close of the estate. If the legal right is fixed in a person by virtue of law, a refusal to let such person administer must be upon the grounds named in the statute; and can it be said, without violation of legal rule, that an order denying the right cannot be reviwed for the purpose of determining whether the right was denied on legal grounds? If such order cannot be reviewed, then the right is of no value, and the court may arbitrarily deny and defeat the right, and the administrator have no relief.

It seems to me equally clear that when once appcinted, a removal cannot be had except for the reasons and upon the grounds set out in the statute and these alone, and in the manner prescribed. This doctrine will be undisputed, I think. It is so laid down in 1st Woerner, sections 268, 271 & 272; and cases cited; and in the Encyclopedia of Law, under the title of Revocation, 21 Enc. of Law., 360, after the preliminary remarks, the authority says: "The court cannot remove an executor or administrator without giving him due notice that an application for that purpose has been made to the court. He must, in most all states, be cited to appear to show cause why his authority shall not be

evoked. And upon a hearing, the petitioner must establish his case by proper evidence." 21 Enc. of Law, 362.

Now, can it be said that an administrator has not a right to have the law question reviewed as to whether his removal was had upon proper and legal grounds? It seems to necessarily follow that if the hearing must be had and the removal must be only upon the causes set out in the statute, and these causes must be established by proper and sufficient evidence, that such hearing is one that can be reviewed on error. If the right remains in the person after his appointment, I do not see how the probate court can take that right away and leave the party without right to have the question reviewed on error for the purpose of determining whether the removal was for legal cause.

True, the probate court is vested with broad discretion, but, regardless of that, the statute provides certain grounds upon which the court may remove the administrator—incompetency, being unqualified, etc.—and some such ground must be shown; and while the discretion is broad, and the court would not probably interfere on error where the case does not show abuse of discretion; yet under the statute, a substantial right existing, the administrator certainly could not be denied the right to have the grounds, upon which the power to remove was exercised, reviewed.

I have determined this question solely upon the statutes relating to administrators and executors as they now exist. I do not think that the rules applicable to assignees and receivers, as announced in the case of Brigel v. Starbuck 34 Ohio St. 280; 44 Ohio St. 98; 40 Ohio St. 408; 3 Nisi Prius 138; 5 Nisi Prius 102; are applicable because of the fact they are wholly creatures of the court with no preference while by law a certain line of persons are entitled to administer and by grant of law the right is vested in them. It is a legal right. That legal right being vested in some persons the right to review their removal from office must follow.

I therefore overrule the motion to dismiss this petition in error.

Judge Clark; Anderson & Bowman; Williams & Crickenberger, for the Motion.

Judge Allread & D. Irwin, contra.