Daniel A. Levy et al., Appellees, v. Caroline L. D. Payne et al. Leslie Dudley Carter, Interpleader, Appellant.

Gen. No. 22,710.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed October 31, 1917. Rehearing denied November 17, 1917.

## Statement of the Case.

Attachment by Daniel A. Levy, John F. Tyrrell and William H. Devenish, plaintiffs, against Caroline L. D. Payne, defendant, in which certain others were served as garnishees, to recover $6,075. Afterwards Leslie Dudley Carter filed a petition of interpleader claiming to be the owner of one-half interest in property which had been levied on in the attachment suit. The issues raised by the petition of interpleader were tried before the court without a jury and the court found in favor of plaintiffs and entered a judgment against the interpleader for costs, to reverse which this appeal is prosecuted. See also, *Levy v. Payne,* 204 Ill. App. 224.

THOMAS E. SWANSON, for appellant.

LEVY, TYRRELL & DEVENISH, *pro se.*

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. VENUE, § 24*—*when discretion in refusing to grant petition for change of not abused.* Where it appears from a petition for a change of venue, which was presented to the trial judge who had

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

entered several orders in the cause prior to the presentation of the petition, that knowledge of the alleged prejudice of the trial judge came to the petitioner on December 27th, the hour not being stated, and that notice was served on the opposing counsel on December 28th, at 3 o'clock p. m., the Appellate Court cannot say that there was an abuse of discretion in refusing to grant the petition for a change of venue of the action which was for hearing January 3rd.

2.   MUNICIPAL COURT OF CHICAGO, § 16*—*when case properly tried by court without jury.*   Under section 30 of the Municipal Court Act (J. & A. ¶ 3342) where one filing an intervening petition in an attachment suit to recover $6,075 on the ground that he owns a one-half interest in the property attached makes no demand for trial by jury until the case comes on for hearing, when he tenders the statutory fee and demands a jury trial in writing, the case is properly tried by the court without a jury.

3.   APPEAL AND ERROR, § 1236*—*when party cannot occupy different position on appeal.*   An appellant cannot occupy in the court of review a different position from that which he assumed in the trial court.

4.   ATTACHMENT, § 42*—*when evidence shows indebtedness of defendant to plaintiffs and fraudulent transfer of interest in property.*   On a petition of interpleader in an attachment suit on the ground that the interpleader was owner of one-half interest in the property attached, evidence *held* to support a finding that defendant in attachment was indebted to plaintiffs and that the transfer of an interest in the property to the interpleader was fraudulent, collusive and invalid as against plaintiffs.

5.   ATTACHMENT—*when defendant cannot take advantage of assignment of plaintiffs' interest prior to trial.*   Defendant in attachment cannot take advantage of the fact that, prior to the trial, plaintiffs made an assignment of all their interest to a third person, which assignment was of record.

6.   ATTORNEY AND CLIENT, § 105*—*when no defense in action for fees that attorney represented both attachment defendant and receiver.*   It is no defense to an attachment suit to recover fees for legal services that in the proceeding in which the services were rendered plaintiffs represented both the attachment defendant and a receiver appointed by the court, where it does not appear that the interests of the receiver and such defendant were adverse, but does appear that no charge was made for the services rendered the receiver.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.