Syllabus.

## GEORGE MUNROE

### v.

### THE PEOPLE, for use of Young, Admr.

*Filed at Ottawa March 28, 1882.*

```
102  406
 36a 652
102  406
146  222
102  406
64a  276
66a  473
102  406
168  255
102  406
171  242
102  406
175  270
102  406
d89a ³383
102  406
d191 ³295
102  406
h197 ⁴426
102  406
201  ⁵275
102  406
110a ⁵380
102  406
214  ²544
```

1. ADMINISTRATION OF ESTATES—*appointment of administrator de bonis non—whether properly made.* Until a valid revocation of letters of administration already granted on an estate is made, the county court has no power or jurisdiction to appoint another as administrator *de bonis non* of the same estate, and an order for such appointment under such circumstances is absolutely void.

2. SAME—*power to revoke letters of administration—and upon what grounds.* The county court, in the absence of statutory authority, has no power to remove an administrator, or to revoke letters of administration, after the administrator has accepted and qualified, and entered upon his duties. And until some one of the causes mentioned in the statute is placed before the court for action, the court has no power to act at all, or, in other words, has no jurisdiction.

3. In this case the only facts stated in a petition for the removal of an administratrix were, that she had failed and neglected to pay the petitioner the amount of his claim allowed against the estate, although the estate was solvent, and all other allowed claims had been paid, and that she had become the owner, by deed from the heirs, of the only tract of land on which the judgment of the creditor was supposed to be a lien; that to satisfy his demand it would be necessary to sell that land, and that under the circumstances the creditor thought it advisable to remove the administratrix and have a new administrator appointed: *Held,* that the facts stated gave the court no jurisdiction of the subject matter, as the statute gives no power to remove for any such cause.

4. SAME—*proceedings upon revocation of letters—proper notice required.* On a citation from the county court, served on December 5, 1877, on an administratrix, to appear before that court on the 17th day of that month, and show cause "why she should not pay said claim" of a creditor of the estate, to which she fails to answer or appear, the county court has no jurisdiction, with no further notice to the administratrix, to adjudge that she be removed and her letters revoked. To authorize a revocation, summons to show cause why the same should not be done must be issued and served, and when a revocation is made, the reasons must be spread at large on the record.

5. JUDGMENT—*jurisdiction essential to its validity.* Where a matter is submitted to a court upon which that court has jurisdiction to consider and

decide, and such court does decide, its judgment, though erroneous, is valid until reversed or set aside; but unless a case brought before a court is such that the court has lawful authority to deliberate and decide, such court has no jurisdiction, and its decision in such case is a nullity. The case must be one committed to that court by law.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. GARNSEY & KNOX, for the plaintiff in error:

Mrs. Osgood never was removed from the office of administratrix. The attempted order of removal was void for want of jurisdiction. Before such removal, summons must be issued and served upon the administrator, requiring him to show cause to the contrary. Hurd's Stat. 1877, sec. 130, p. 105.

The citation issued against her was under section 115 of the act relating to the administration of estates, to compel the administratrix to show cause why she had not paid the creditor. The penalty for a failure to show cause is not a revocation of letters, but imprisonment, etc.

The rule that a judgment can not be attacked collaterally, does not apply where it is shown to be void for want of jurisdiction.

Mr. STEPHEN R. MOORE, and Mr. THOMAS HUTCHINS, for the defendants in error:

The county court has power to grant and revoke letters. The theory of the law is, that the court, through the agency of the administrator, is settling the estate, and any irregularity in the discharge of one agent, and the appointment of another, can not in anywise affect the acts of the *de facto* administrator. *Wright* v. *Wallbaum et al.* 39 Ill. 552; *Diffin et al.* v. *Abbott et al.* 48 id. 19; *Sheppard* v. *Rhodes et al.* 60 id. 301; *Meek* v. *Allison et al.* 67 id. 46; 2 Kent's Com. 413; Herman on Estoppel, 139.

The county court being one of general jurisdiction over a particular class of cases, when acting within that sphere has as general jurisdiction as the circuit court, and as liberal intendments will be made in favor of its orders and judgments. *Probst* v. *Meadows,* 13 Ill. 169; *Reynolds* v. *People,* 55 id. 332; *Housh* v. *People,* 66 id. 181; *Marsh* v. *People,* 15 id. 286; *Searle* v. *Galbraith,* 73 id. 264; *Swearengen* v. *Gulick,* 67 id. 208; *Beaubien* v. *Brinckerhoff,* 2 Scam. 269; *Kenney* v. *Greer,* 13 Ill. 432.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Young sues Mrs. Osgood as principal, and Munroe as surety, upon a bond given by defendants for the faithful administration of the estate of Uri Osgood, deceased. The plaintiff sues as administrator *de bonis non* of the same estate, as the successor of Mrs. Osgood, and for a failure on her part to pay over to him certain moneys of the estate said to be in her hands. Defendants pleaded, *inter alia,* that Young is not administrator. On this issue was produced in evidence a full transcript of the record of the county court, from which it appears that that court did make an order revoking the letters formerly issued to Mrs. Osgood, and afterwards did appoint Young administrator *de bonis non.*

The circuit court, with this transcript in evidence, instructed the jury, as a matter of law arising from this evidence, that "Mansfield Young is administrator *de bonis non* of the estate of Uri Osgood," and that Mrs. Osgood was removed, and on these questions the law is for the plaintiff. This instruction was clearly wrong. The pleadings show that Mrs. Osgood was appointed, gave bond, and qualified as administratrix of the estate, in February, 1871, and acted as such for many years, and it follows that she still is such, unless the orders of the county court, already mentioned, terminated her administration. On inspection of the transcript of the proceedings of the county court, in which the

supposed revocation of her letters occurred, we are of opinion that the order of revocation was and is utterly void, and of no effect whatever.

Defendant in error contends that these orders were made by a court of competent jurisdiction, and are of force and valid until reversed or set aside. There is no doubt that where a matter is submitted to a court upon which that court has authority to consider and decide, and such court does decide, such judgment, though erroneous, is valid until reversed or set aside; but unless a case brought before a court be such that the court has the lawful authority to deliberate and decide, such court has no jurisdiction, and its decision in such case is a nullity. The case must be one committed to that court by law. Chief Justice MARSHALL said: "Suppose administration be granted on the estate of a deceased person whose executor is present in the constant performance of his executory duties, * * * in the opinion of the court it would be absolutely void. The appointment of an executor vests the whole personal estate in the person appointed. He * * * holds the legal title in all the chattels of the testator." And it is there said, so long as he remains executor, this "is incompatible with any power in the ordinary to transfer these chattels to any other person, by grant of letters of administration on them. His grant can pass nothing,—it conveys no right, and is a void act." It is plain that unless the order revoking the letters of administration granted to Mrs. Osgood be valid, there was no power or jurisdiction in the county court to appoint Young administrator *de bonis non*, and the order for his appointment was absolutely void.

We think the order revoking and repealing the letters issued to Mrs. Osgood was also a mere nullity,—absolutely void, for want of jurisdiction in the county court to act. The county court, in the absence of statutory authority, has no power to remove an administrator, or to revoke letters of administration, after the administrator has accepted and

qualified and entered upon his duties. Our statute authorizes the removal of administrators, and the revocation of letters, for divers causes mentioned therein. Letters may be revoked "in all cases where the same were granted * * * upon any * * * false pretense whatever," (Rev. Stat. chap. 3, sec. 26,) and where, after their issue, "a will of the deceased shall be produced, and probate thereof granted according to law," (sec. 28,) and "the county court may revoke all letters testamentary or of administration granted to persons who become insane, lunatic, or of unsound mind, habitual drunkards, are convicted of infamous crimes, waste or mismanage the estate, or who conduct themselves in such manner as to endanger their co-executors, or co-administrators, or securities,—in all which cases the court *shall summon* the person charged to be in default or disqualified, *as aforesaid,* to *show cause* why such revocation should not be made. When revocation is made, the *reason therefor* shall *be stated at large* upon the record." (Sec. 30.) And when notified, (on account of being about to remove from the State,) for four weeks, to appear before the court "and make settlement of his accounts," and he neglects or refuses to make such settlement, the court "may remove an administrator from office," (sec. 31,) and in default of giving other, or additional, or new security, when required by the court to do so, or in default of settling and adjusting his accounts within a time fixed by the court, the letters of administration "shall be revoked." (Secs. 32, 33 and 36.) These are the cases, and (so far as called to our attention) the only cases, wherein power is given by statute to the county court to remove an administrator and revoke and repeal his letters of administration. Until some one of the causes mentioned in the statute is placed before the court for action, the court has no power to act at all in this regard,— has no jurisdiction to act. To render the judgment of any court valid, it is essential that such court shall have jurisdiction of the person, and also of the subject matter. Look-

ing at the full transcript, we find that when the county court made the order revoking the letters granted to Mrs. Osgood, that court had neither.

It was not alleged that *any one* of the cases, mentioned in the statute as such that the court may order the revocation of letters, was presented or before the court. The only facts stated in the petition as authorizing the court to act are, that she, as administratrix, had failed and neglected to pay the complaining creditor the amount of his claim allowed against the estate, although the estate was solvent, and all other allowed claims had been paid, and that she had become the owner, by deed from the heirs, of the only tract of land on which the judgment of the creditor was supposed to be a lien; that to satisfy this demand it would become necessary to sell that land, and that under the circumstances the creditor thought it advisable to remove the present administratrix and have a new administrator appointed. The statute nowhere gives jurisdiction to the county court to remove for any such cause. The statute prescribes other remedies for such case. In the language of Chief Justice MARSHALL, (speaking of the ordinary): "The case, in truth, was not one within his jurisdiction. It was not one in which he had a right to deliberate. It was not committed to him by the law."

Again, the county court had not acquired jurisdiction of the person for this purpose. It is true a citation had been served on her on the 5th of December, 1877, to appear before that court on the 17th day of that month, and show cause "why she *should not pay* said claim" of this creditor, and that she omitted to appear and show such cause. But this did not give the court jurisdiction of her person to adjudge on the 15th day of the next month, and with no further notice to her, that she, as administratrix, should be removed, and her letters revoked. Circuit courts have jurisdiction to enter judgment in actions of assumpsit. They have also jurisdiction to sentence men to the penitentiary for larceny. It,

however, can not be inferred that by a summons in an action of assumpsit, duly served, a circuit court acquires jurisdiction of the person of the defendant to try and convict him, in his absence, for larceny of the property, for the price of which the action of assumpsit was · brought. Such a proceeding would simply be void. There is nothing in the statute impairing the principle upon which these views rest. On the contrary, before the court has lawful power to adjudge a revocation of letters of administration, it is expressly provided "the court shall summon the person charged to be in default," not to show cause why he shall not pay a certain claim, but "to show cause why *such revocation should not be made.*" And the more effectually to limit the power of the county court in such a proceeding, it is added: "When the revocation is made, the reasons therefor shall be stated at large upon the record."

The order removing the administratrix being void, and hence the order appointing an administrator *de bonis non* being also void, the right to the custody of the moneys and property of the estate remained in Mrs. Osgood. Young was a mere intermeddler, without any rights or legal authority. The refusal to pay over to him was no breach of the condition of the bond sued on. The plaintiff clearly had no cause of action.

The judgment is therefore reversed, and the cause dismissed.

*Judgment reversed.*