## In re Estate of Harriott B. Ward, deceased. Clarence A. Tuttle, Executor, Appellant, v. The Chicago Title and Trust Co., Administrator, Appellee.

### Gen. No. 16,812.

ADMINISTRATION—*revocation of letters.* A Probate Court has no jurisdiction to remove an administrator or revoke letters of administration, after the administrator has accepted and qualified and entered upon his duties, except for causes enumerated in the statute.

Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912. *Certiorari* denied by Supreme Court (making opinion final).

STEERE, WILLIAMS & STEERE, for appellant.

MATZ, FISHER & BOYDEN, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

This appeal calls in question the ruling and judgment of the Circuit Court, sustaining the demurrer of appellee to a petition filed by appellant to revoke the letters of administration previously granted to appellee. The record shows that Harriott B. Ward, who was a daughter of George C. Benton, died intestate April 18, 1896, leaving her surviving Charles W. Ward, her husband, and Harriott S. Ward, her daughter, a minor, her only heirs at law and next of kin. On July 23, 1903, on petition of Charles W. Ward, the Chicago Title & Trust Co. was appointed administrator of the estate of Harriott B. Ward, deceased. The only property described in the petition for letters of administration was "a claim which, if recovered, would not exceed in value the sum of $60,000." On April 3, 1905, Susan D. Benton, widow of George C. Benton, who died in 1902, leaving him surviving Susan D. Benton, his widow, and Harriott S. Ward, his grand-daughter, filed her petition in the Probate Court of Cook county, in which she stated that she was interested in the estate of George C. Benton, deceased, and that the only asset in the estate of Harriott B. Ward, deceased, consisted of a claim or cause of action against the estate of said Benton; that no letters of administration were issued in the matter of the estate of Harriott B. Ward, deceased, until more than seven years after her death; that no showing was made to the Probate Court to explain this delay; that without such showing, letters of administration should not have been granted; that the issuance of such letters of administration enables the administrator of the estate of Harriott B. Ward to harass and annoy petitioner, and involve petitioner in expensive litigation, and has caused and is liable to cause petitioner great loss, and will delay settlement of the estate of George C. Benton. The petition prayed that the Trust Company be required to appear and show cause why its letters of administration should not

534 APPELLATE COURTS OF ILLINOIS.

Tuttle v. The Chicago Title and Trust Co., 172 Ill. App. 532.

be revoked, and that upon a final hearing said letters be revoked. To this petition the Trust Company, as administrator, filed a general and special demurrer, alleging as special grounds of demurrer that the Probate Court is without jurisdiction to revoke letters of administration, except for causes prescribed by the statute of Illinois, and that no such cause is set forth in the petition, and that it appears from the petition that petitioner is not interested in the estate of Harriott B. Ward, deceased. The demurrer was sustained by the Probate Court, and the petition dismissed, and an appeal taken to the Circuit Court. Pending the hearing in the Circuit Court, Susan D. Benton died, and Clarence A. Tuttle, executor, was substituted as petitioner. The Trust Company entered a special appearance in the Circuit Court, and moved to dismiss the appeal upon the ground that neither Susan D. Benton nor her executor had any right of appeal from the order and ruling of the Probate Court. This motion was denied by the Circuit Court, and appellee assigns cross error upon this ruling of the Circuit Court. The Trust Company then entered its appearance generally, and upon a hearing of the demurrer to the petition, the Circuit Court sustained the demurrer and the petitioner elected to stand by his petition; whereupon judgment was entered against the petitioner for costs, from which judgment the executor appeals.

The contentions of appellant may be stated in substance as follows: The lapse of seven years after the death of a decedent constitutes a bar to the granting of letters of administration, unless the delay is explained; the Probate Court has the inherent power to revoke letters of administration improperly granted; Susan D. Benton, as surviving widow of George C. Benton, deceased, is a party in interest who has the right to file such a petition for the revocation of letters, and inasmuch as the granting of letters cannot be attacked collaterally, such a petition affords to her

the only remedy. Appellee replies that there is no statute limiting the time within which letters of administration may be granted; that the Administration Act enumerates all the causes for which letters of administration may be revoked by the Probate Court; that mere delay is not one of such causes; that the Probate Court has no power to revoke letters except for one or more of the enumerated statutory grounds; that in any event, neither Susan D. Benton, nor the executor of her last will and testament, has such an interest in the estate of Harriott B. Ward as will give to either the right to file such a petition; and that neither Susan D. Benton nor said executor was entitled to an appeal from the decision of the Probate Court.

Without entering upon a discussion of each of the propositions so advanced, it will be enough to say that we have reached the conclusion, after careful consideration, that the order and judgment of the Circuit Court must be affirmed. While we are of the opinion that the cross-error is probably well assigned under the authorities cited in appellee's brief, (2 Ency. Pl. & Pr. 170; In re Estate of Hardy, 35 Minn. 193; Swan v. Picquet, 3 Pick. 443) we prefer to rest our decision upon other grounds. In Munroe v. People, 102 Ill. 406, the court held that the Probate Court, in the absence of statutory authority, has no power to remove an administrator or revoke letters of administration after the administrator has accepted and qualified and entered upon his duties; that until some one of the causes mentioned in the statute is placed before the court for action, the court has no power to act at all in this regard,—that is, it has no jurisdiction to act. In Clark v. Patterson, 214 Ill. 533, the court approved the case of Munroe v. People, *supra,* and on page 544 said:— ''The legislature has not deemed it wise to confer on the courts unrestricted power to revoke letters of executorship, but has expressly declared the grounds on

536    APPELLATE COURTS OF ILLINOIS.

Tuttle v. The Chicago Title and Trust Co., 172 Ill. App. 532.

which such revocation may be ordered. It is only when one or more of such statutory causes are properly brought before the court for judicial action thereon that the courts have jurisdiction to revoke letters of administration or letters testamentary.'' Several early Illinois cases have been cited by appellant, apparently holding a contrary rule, but in our opinion the later decisions above cited are conclusive upon this question. None of the causes mentioned in the statute is alleged in the petition in question, and therefore, the Probate Court was without power to act upon it. The cases cited by appellant's counsel as authority for the contention that the mere unexplained delay of seven years and three months in taking out letters of administration is sufficient ground for the removal of an administrator do not seem to us to support the contention. For the most part, they are cases in which it was·held that a delay of more than seven years after the granting of letters of administration before applying to the court for leave to sell real estate to pay debts, operated to bar the right of the administrator to file such a petition; and while in some of such cases there is language used which seems to support the contention, such language is used merely in argument, and cannot be considered as authority for the broad proposition contended for. It is not claimed that there is any statute creating such a limitation. The equitable doctrine of *laches* is invoked, and a period of limitation is sought to be fixed merely by analogy to the statute regarding the duration of the lien of judgments. In the absence of any authority to that effect, we are not prepared to hold that this doctrine of *laches* can be applied to the facts shown by this record, even if it were conceded that such a ground can be urged as a cause for revoking letters of administration in view of the express statutory provisions above referred to. The petition does not state what is the nature of the ''claim or cause of action against the estate of George

C. Benton," which is the only asset of the estate of Harriott B. Ward, deceased. If we assume that, whatever its nature, it can be enforced by an action at law, then the estate of George C. Benton will, of course, have the advantage of every statute of limitation legally applicable to actions at law. If, on the other hand, it is enforceable only in equity, then the equity court will have full power to apply the equitable doctrine of *laches* if it seems proper to do so, after knowledge of the facts. Hence we see no reason why the Probate or Circuit Courts, or this court on appeal, should undertake to apply an equitable limitation without any knowledge of the equities that may be involved.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*