# Ethel A. Wilkinson, Administratrix, Appellant, v. Edward Nowers, Appellee.

## Gen. No. 6,760.

1. EXECUTORS AND ADMINISTRATORS, § 615*—*right to petition for removal of administrator de bonis non.* One who is indebted to the estate has not such interest as to entitle him to petition the court for the removal of the administrator *de bonis non.*

2. EXECUTORS AND ADMINISTRATORS, § 48*—*power to remove.* While a court has the power to set aside, of its own motion, letters of administration granted by it, the power is not arbitrary, but can only be exercised when good cause therefor is shown by the record.

3. EXECUTORS AND ADMINISTRATORS, § 616*—*power to appoint administrator de bonis non after estate declared administered.* Even though the court has declared an estate fully administered, such order will not prevent the subsequent appointment of an administrator *de bonis non* on the petition of persons interested if, in fact, the estate had not been fully administered.

4. EXECUTORS AND ADMINISTRATORS, § 34*—*duty of court as to approval of appointment by clerk in vacation.* Chapter 25, Rev. St. sec. 23 (J. & A. ¶ 2148) giving the clerks of county courts authority to grant letters testamentary or of administration in vacation, subject to the approval or disapproval of the court at its next regular term, does not confer upon the court an arbitrary or even a discretionary power as to approving or disapproving such appointments by the clerk, but it is mandatory upon the court to approve the appointment if the petition therefor is regular on its face and no cause for disapproval is shown.

5. EXECUTORS AND ADMINISTRATORS, § 616*—*order in which entitled to administration de bonis non.* The general rule is that persons are entitled to administration *de bonis non* in the same order as they would have been entitled to an original grant in case of intestacy or to letters with the will annexed in case of a will.

Appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded with directions. Opinion filed March 9, 1920. Rehearing denied April 6, 1920.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

· Wilkinson v. Nowers, 217 Ill. App. 314.

HARRY E. BROWN, for appellant.

HENRY WATERMAN, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

Lyman J. Wilkinson died September 30, 1905, and in and by his last will and testament nominated as the executor thereof T. H. Chesley, who was then county judge of Henry county. The will was duly probated in the circuit court of Henry county and Chesley appointed by the circuit court as executor. He acted in that capacity until his death. His widow and executrix filed a report and was discharged and thereupon Willis L. Wilkinson was appointed administrator *de bonis non,* with the will annexed, of the estate of Lyman J. Wilkinson.

Willis L. Wilkinson and George T. Wilkinson, a resident of the State of Colorado, were the only heirs at law of Lyman J. Wilkinson. August 30, 1907, Willis L. Wilkinson, as such administrator, filed a report in the circuit court of Henry county, a portion of which report was as follows: "That he has paid out all moneys that have come into his hands as such administrator, that all claims against said estate of which he has any knowledge have been paid; that the court costs have been paid and that all the property of which he has any knowledge belonging to said Lyman J. Wilkinson, deceased, has been accounted for, with the exception of one note, dated September 9, A. D. 1901, for the sum of $409.75, bearing 7 per cent interest after date, due in four (4) months after its date and payable to the Farmer's National Bank of Cambridge, Ill., and signed by one Edward Nowers, upon which there is a credit of interest paid to March 13, 1902, and $103 applied on the principal March 13, 1902.

"Your petitioner respectfully requests that the court order such claim to be filed in this court for the benefit

of such of the heirs of said decedent, as will sue for and recover the same as provided for by section 82 of the Revised Statutes of Illinois, for the year 1905."

He asked that the report be approved and that he and his bondsmen be relieved of all further liability in connection with the estate. No facts were stated in the report and no showing made to the court to bring the Nowers note within section 83 of chapter 3 (J. & A. ¶ 133) and no reason is assigned for asking to have the claim filed in court for the benefit of such of the heirs who would sue for the same. No reason is assigned why the administrator *de bonis non* did not bring suit upon the note and complete the administration of the estate.

September 2, 1907, the following was entered of record in the circuit court: "And now said report is approved by the court and Willis L. Wilkinson, administrator, and his bondsmen discharged and the following order entered." Then follows an order ordering Willis L. Wilkinson, administrator, etc., to turn over to the clerk of the circuit court the Nowers note and claim for the benefit of such of the heirs as will sue for the same. There was no formal order declaring the estate settled.

Willis L. Wilkinson died testate leaving Ethel A. Wilkinson, his widow, Mabel E. Withrow, his daughter, and Elon G. Wilkinson, his son, as his only heirs at law, legatees and devisees.

August 20, 1912, Ethel A. Wilkinson and Mabel E. Withrow filed a petition in the office of the clerk of the circuit court setting forth most of the above facts and that the Nowers note had never been paid and that it was a good and valid claim against Nowers in favor of the estate of Lyman J. Wilkinson, and praying letters of administration *de bonis non* with the will annexed be issued to Ethel A. Wilkinson in the matter of the estate of deceased not already administered.

The clerk of the circuit court by virtue of the author-

ity given in section 206 of chapter 37 and section 23 of chapter 25, Revised Statutes of Illinois (J. & A. ¶¶ 3242, 2148), allowed the petition, and on Ethel A. Wilkinson giving bond in $500 issued to her letters as such administratrix, bearing date August 20, 1912. She took the required oath and entered upon the duties of her office. On March 5, 1915, Edward Nowers, the maker of the note heretofore mentioned, filed his motion in the circuit court to revoke the letters of administration issued to Ethel A. Wilkinson, setting up in his motion which is not verified, the former proceedings in the estate, and that he "is the defendant in a suit instituted by the said Ethel A. Wilkinson as administratrix *de bonis non,* as aforesaid, wherein and whereby she as such administratrix seeks to recover for the benefit of said estate on said alleged note and claim for reimbursement as the property of said estate and that said suit is still pending and undisposed of in this court."

On July 14, 1916, the Nowers motion to revoke the letters of administration was denied by the circuit court.

The granting of letters to Ethel A. Wilkinson was neither approved nor disapproved by the court at the next regular term after granting the same, and on July 10, 1916, she filed a motion asking to have her appointment made absolute and unqualified. July 17, 1916, Nowers filed a motion for the modification of the order of July 14, 1916, and for a rehearing upon his motion to revoke the letters of administration. February 14, 1919, Ethel A. Wilkinson filed her motion to strike from the files the Nowers motion of July 14, 1916, on the ground that Nowers was not an heir, legatee, devisee or creditor of the estate of Lyman J. Wilkinson.

March 5, 1919, the various motions coming on to be heard, the court overruled the motion to strike the Nowers motion from the files and entered an order re-

voking the letters of administration, etc., of Ethel A. Wilkinson, and from this order she appealed to this court.

Appellant claims that Nowers had not sufficient interest in the estate of Lyman J. Wilkinson to petition for the removal of the administratrix, etc., and that therefore his motion and petition should have been stricken from the files. So far as we are advised, this precise question has not been directly passed upon by a court of appeal in this state. In *Tuttle v. Chicago Title & Trust Co.*, 172 Ill. App. 532, the question was raised and the court said that while they were of the opinion that the error was probably well assigned, they preferred to rest their opinion on other grounds.

The Iowa statute provides that a petition for the removal of administrators may be filed by "any person interested in the estate." In *Chicago, B. & Q. Ry. Co. v. Gould*, 64 Iowa 343, 20 N. W. 464, a plaintiff, against whom suit had been brought by the administrator, petitioned for revocation of the letters of administration. In passing upon the question the court said: "Plaintiff has no interest in the property of the estate, either as an heir, creditor or otherwise. The interest contemplated by the statute is a right to benefits from the estate which prompts the person to act for preserving its assets, increasing their value, and directing their disposition and appropriation. Surely, the statute does not, in this provision, contemplate one whose interests would be promoted in the destruction of the assets. His interest would be in conflict with the rights of the estate and its beneficiaries. He could not be 'interested in the estate' in the sense of the expression as it is used in the statute just cited. The plaintiff has an interest to defeat the claim which the estate holds against it. This interest prompts it to resist the claim, and, if it is successful, it will destroy what is now regarded as defendant's property. It is absurd to say that plaintiff is 'interested in the estate'

in any other way than as a litigant is interested to defeat the claim of his adversary. Its interest is of the character of that which an enemy feels who seeks the destruction of his foe.   *   *   *   We reach the conclusion that plaintiff has no such interest in the estate as, under the statute, will authorize him to move for revocation of the letters of administration issued to defendant. This conclusion is supported by the following cases:  *Swan v. Picquet,* 3 Pick. (Mass.) 443; *White v. Spaulding,* 50 Mich. 22, 14 N. W. 684; *Augusta & S. Ry. Co. v. Peacock,* 56 Ga. 146; *Penniman v. French,* 2 Mass. 140; *Labar v. Nichols,* 23 Mich. 310.'' To the same effect is *Hardy's Estate v. Minneapolis & St. L. Ry. Co.,* 35 Minn. 193, 28 N. W. 219; *Missouri Pac. Ry. Co. v. Jay's Estate,* 53 Neb. 747, 74 N. W. 259, and *Missouri Pac. R. Co. v. Bradley,* 51 Neb. 596.

We are of the opinion that Nowers had not sufficient interest in the estate of Lyman J. Wilkinson to entitle him to petition the court for the removal of the administrator *de bonis non,* etc., and that the motion to strike his petition from the files should have been sustained.

It is contended by appellee that the court has the power on its own motion to set aside letters of administration granted by it. This is undoubtedly true, but this is not an arbitrary power, but can only be exercised when good cause for such action is shown by the record.

In *Munroe v. People,* 102 Ill. 406, the court held that the probate court, in the absence of statutory authority, has no power to remove an administrator or revoke letters of administration after the administrator has accepted and qualified and entered upon his duties; that until some one of the causes mentioned in the statute is placed before the court for action, the court has no power to act at all in this regard—that is, it has no jurisdiction to act.

In *Clark v. Patterson,* 214 Ill. 533, the court ap-

proved the case of *Munroe v. People, supra,* and on page 544 said: "The legislature has not deemed it wise to confer on the courts unrestricted power to revoke letters of executorship, but has expressly declared the grounds on which such revocation may be ordered. It is only when one or more of such statutory causes are properly brought before the court for judicial action thereon that the courts have jurisdiction to revoke the letters of administration or letters testamentary."

It is contended by appellee that the estate of Lyman J. Wilkinson had been fully administered and that neither the clerk nor the court had power to appoint an administrator *de bonis non,* etc.

In *Stose v. People,* 25 Ill. 600, it was said: "Whatever goods and chattels of the first estate remain in specie, or can be traced and distinguished, the administrator *de bonis non* has a right to recover." In 18 Cyc. 106, it is said: "Administration *de bonis non* may be granted * * * where the predecessor had reported debts as desperate which prove collectible."

In the present case the Nowers note was not reported by the former administrator as desperate and no showing of any kind as required by statute was made to the court, authorizing the court to order it turned over to the clerk under the statute. The order approving the report of Willis L. Wilkinson, administrator, etc., did not declare the estate of Lyman J. Wilkinson settled and technically the estate never was settled. Section 111 of chapter 3, Ill. Rev. St. (J. & A. ¶ 161) provides "that no final settlement shall be made and approved by the court, unless the heirs of the decedent have been notified thereof, in such manner as the court may direct." The court did not direct what notice should be given the heirs. It is true that in his report Willis L. Wilkinson says "that he presents herewith the waiver and consent of said George T. Wilkinson for the approval of this report and the dis-

charge of your petitioner and bondsmen," but the court order does not find that such consent and waiver were filed, and so far as this record shows no waiver or consent was in fact filed. Even had the court declared the estate fully administered, such order would not prevent the appointment of an administratrix *de bonis non* if, in fact, the estate had not been fully administered. *Starr v. Willoughby*, 218 Ill. 485; *Atherton v. Hughes*, 249 Ill. 317.

The claim against Nowers was an asset of the estate and Willis L. Wilkinson, had the same been collected during administration during his lifetime, would have been entitled to one-half thereof as his distributive share, and after his death his interest in his father's estate descended to petitioners, his representatives. Petitioners had an interest in the proceeds of the Nowers note. They could not bring suit against Nowers as heirs of Lyman J. Wilkinson because they were not heirs of Lyman J. Wilkinson. His only heirs were his sons, Willis and George.

The right of petitioners to their distributive share in the proceeds of this note would be entirely lost unless an administratrix *de bonis non*, etc., be appointed.

It is claimed by appellant that the court should have approved the appointment of appellant as administratrix.

Section 23, ch. 25, Rev. St. (J. & A. ¶ 2148) is as follows: "The clerks of the several county courts of this State are authorized, upon filing petition and giving proper bond to grant letters testamentary or of administration, and citations in vacation, subject to the approval or disapproval of the court at its next regular term."

The court's power of approval or disapproval is not an arbitrary power. It is not even a discretionary power. If the petition for appointment be regular on its face and no cause for disapproval be shown to the court, the court must approve the appointment. This

duty is mandatory and not discretionary. *O'Rear v. Crum,* 135 Ill. 299. The general rule is that persons are entitled to administration *de bonis non* in the same order as they would have been entitled to an original grant in case of intestacy or to letters with the will annexed in case there is a will. 18 Cyc. 106.

George T. Wilkinson, being a resident of Colorado, was disqualified from acting as administrator and petitioners had the right of nomination. The appointment of Ethel A. Wilkinson as administratrix, etc., should have been approved by the court.

The cause is reversed and remanded to the circuit court of Henry county with directions to vacate the order of March 5, 1919, and to strike from the files the motion of Edward Nowers filed March 5, 1919, and to approve the appointment of Ethel A. Wilkinson as administrator *de bonis non* with the will annexed of Lyman J. Wilkinson.

*Reversed and remanded with directions.*