## In re Estate of Duane C. Stocking, Deceased.
### Gen. No. 7,615.

ESTATES OF DECEDENTS—*priority of right to nominate adminis-
trator as between surviving widow and children of decedent.*
Under Cahill's St. ch. 3, ¶ 18, a widow who has within the statutory
period exercised her right to obtain appointment as administra-
trix of the estate of her husband, has the further right, upon her
resignation as administratrix, to have her nominee, if competent,
named administratrix *de bonis non* in preference to the nominee
of the decedent's children.

Appeal by petitioner from the Circuit Court of Winnebago county;
the Hon. EARL D. REYNOLDS, Judge, presiding. Heard in this court
at the April term, 1926. Reversed and remanded with directions.
Opinion filed October 8, 1926.

FISHER, NORTH, LINSCOTT & GIBBONEY, for appellant.

No appearance for appellee.

MR. JUSTICE JONES delivered the opinion of the
court.

This is an appeal from an order of the circuit court
of Winnebago county appointing an administrator *de
bonis non* in the estate of Duane C. Stocking, deceased.
There is no dispute about the facts. The decedent
died intestate November 4, 1924, at Rockford, Illinois,
leaving surviving him Nettie Y. Stocking, his widow,
and five children his only heirs-at-law. On November
17, 1924, the widow filed in the probate court of that
county her petition for appointment as administratrix
of decedent's estate, and on the same day she was ap-
pointed by the court, and qualified. She continued to
act as such administratrix from that time until Jan-
uary 24, 1925, when she filed a report to that date. In
her report she tendered her resignation as such ad-
ministratrix and asked that Blanche Pardridge be
appointed administratrix *de bonis non* of decedent's

estate. Notice as provided by law of the hearing on said report was duly given. Lewis C. Stocking, one of decedent's children, filed his objection to the appointment suggested by the widow, based solely upon the ground that upon the widow's resignation as administratrix the children, and not the widow, had the right to nominate an administrator *de bonis non.* Three of the other children of decedent also filed a petition in the probate court for the appointment of Lewis C. Stocking as administrator *de bonis non.* Upon the hearing the probate court entered an order approving the report but denying the application for the appointment of Blanche Pardridge and granting the petition for the appointment of Lewis C. Stocking, and appointing him administrator *de bonis non.* From this order Nettie Y. Stocking appealed to the circuit court of Winnebago county, wherein a similar order was entered. No claim was made that Blanche Pardridge was not competent. From the order of the circuit court Nettie Y. Stocking appealed to this court and filed a brief and argument.

No brief or argument was filed by any of the other parties to this cause, and under rule 21 of this court the cause was reversed *pro forma.* Subsequent to the entering of the order reversing the cause *pro forma,* appellant filed a motion asking that the cause be remanded with directions for the appointment of Blanche Pardridge as administratrix *de bonis non.* We cannot reverse a cause and remand it with directions unless it is taken regularly on call. Rule 21 provides among other things: "Briefs for appellee or defendant in error must be filed within ten days after the time fixed for filing briefs for appellant or plaintiff in error, or within such further time as may be granted by the court on motion; and if not so filed, the judgment or decree of the court below will be reversed *pro forma* on the call of the docket, unless, on an examination of the record, the court shall deem it

proper to decide the case upon its merits.'' After an examination of the record we think this cause should be decided upon its merits and our former order reversing the cause *pro forma* is hereby set aside and vacated.

Having considered the case upon its merits, we conclude that under the circumstances here presented the widow had the first right to nominate an administrator *de bonis non* under section 18 of the Administration Act [Cahill's St. ch. 3, ¶ 18]. It has long been the settled legislative policy of this State to give to the surviving husband or widow or to the nominee of such survivor the first right to administer upon the estate of an intestate, provided, of course, the survivor or the nominee is qualified to act as an administrator. The right of a widow or her nominee to administer takes priority over the right of the children or their nominee to administer. In the present case the widow exercised her right within the time prescribed by the statute and obtained letters of administration upon her deceased husband's estate. Her right to administer cannot be disputed and it seems to us that her right to nominate her successor, upon the acceptance of her resignation, is equally clear. It cannot be denied, except upon the ground that she has once exercised it and cannot again do so in preference to the decedent's children. We are of the opinion that such an objection, if made, would be without force, because it would tend to defeat the very object of the legislature in giving the first right to administer to the widow or her nominee. The right of children to administer where there is a surviving widow is secondary to her right, and can only be availed of upon her refusal or failure to act or to nominate some one else in her stead within the time prescribed by the statute.

In *Wilkinson v. Nowers,* 217 Ill. App. 314, Willis L. Wilkinson was appointed administrator *de bonis non,* with will annexed, of the estate of Lyman J. Wilkin-

son, deceased, after the death of the executor of said will. The administrator *de bonis non* made final settlement of the estate and made distribution of all the assets except a certain note which was filed for the benefit of such heirs as might sue and recover the same, as provided by the present section 83 of the Administration Act [Cahill's St. ch. 3, ¶ 84]. The administrator *de bonis non* died and some time afterwards, upon her petition, his widow was appointed administratrix *de bonis non* of the estate of said Lyman J. Wilkinson, deceased, so that she might sue for and recover uncollected assets of that estate. Her right to administer was challenged, and this court said (p. 322): "The general rule is that persons are entitled to administration *de bonis non* in the same order as they would have been entitled to an original grant in case of intestacy or to letters with the will annexed in case there is a will."

Under our statute the right to nominate is coextensive with the right to administer. We are therefore of the opinion that appellant, upon her resignation as administratrix, had the right within the limit prescribed by the statute to nominate her successor. The decree of the circuit court and the decree of the probate court denying the petition for the appointment of Blanche Pardridge as administratrix *de bonis non,* dismissing the petition therefor, granting the petition of Lewis C. Stocking et al., and appointing Lewis C. Stocking as administrator *de bonis non,* are each reversed and the cause is remanded to the probate court with directions to dismiss the said petition of Lewis C. Stocking et al. and to enter an order appointing Blanche Pardridge as administratrix *de bonis non* in pursuance of the petition of Nettie Y. Stocking, widow of the said intestate, Duane C. Stocking.

*Reversed and remanded with directions.*