In the Matter of the Last Will and Testament of Jeremiah Graney, also known as Jerry Graney, Deceased.

Jennie Leonard, Individually and as Administratrix de bonis non with the Will annexed of said Jeremiah Graney, Appellant.

Gen. No. 7,708.

1. ESTATES OF DECEDENTS—*validity of second grant of letters.* The county court has no power to grant letters of administration to a second person unless the prior grant of letters is void, or duly set aside, or revoked as prescribed by statute.

2. ESTATES OF DECEDENTS—*what grant of letters not void.* A petitioner for appointment as administratrix *de bonis non* in place of one previously appointed, who in her petition admits the death of the ancestor and the jurisdiction of the county court making the prior appointment as proper and who as one duly made party to the probate of the estate was bound to take notice of intermediate steps, cannot maintain said prior appointment was void.

3. ESTATES OF DECEDENTS—*how appointment of administratrix de facto may not be attacked.* The appointment of an administratrix *de facto* is not subject to collateral attack.

4. ESTATES OF DECEDENTS—*what is power of county courts to remove administrators or executors.* County courts have no arbitrary power to remove executors or administrators, but must proceed as prescribed by Cahill's St. ch. 3, ¶¶ 28-35, 38, permitting removal in case of grant on false pretense, or when a will is produced or set aside, or in case of lunacy, habitual drunkenness, conviction for infamous crime, waste or mismanagement, removal from the State, failure to give further or new security, or failure to make settlement.

5. ESTATES OF DECEDENTS—*allegations of petition for appointment of new administratrix.* In asking for appointment of an administratrix of an estate which already has an administratrix *de facto*, a petition which does not ask removal of the incumbent on any ground prescribed by statute, Cahill's St. ch. 3, ¶¶ 28-35, 38, gives the county court no power to remove such incumbent.

6. PROBATE COURTS—*jurisdiction of circuit court on appeal from county court's refusal to remove administratrix.* Upon the county court refusing to remove an administratrix for lack of any statutory cause in a petition for a new administratrix, an appeal raises only that question and gives the circuit court no more power of removal than the county court had, nor any general jurisdiction over the estate.

In re Last Will and Testament of Graney, 245 Ill. App. 407.

Appeal by respondent from the Circuit Court of Kankakee county; the Hon. A. W. De Selm, Judge, presiding. Heard in this court at the October term, 1926. Circuit court reversed; county court affirmed. Opinion filed September 24, 1927.

ALEXIS L. GRANGER and CLAUDE M. GRANGER, for appellant.

LUTHER B. BRATTON, for appellee.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

This is an appeal from an order of the circuit court of Kankakee county revoking the letters of Jennie Leonard, administratrix *de bonis non* with the will annexed of the estate of Jeremiah Graney, deceased, and the appointment of Margaret Graney, the widow of Jeremiah Graney, as administratrix *de bonis non* with the will annexed of the said estate of Jeremiah Graney, deceased.

It appears that Jeremiah Graney departed this life April 15, 1924. Patrick F. Graney, brother of the decedent, on April 22, 1924, petitioned the county court for probate of the will of Jeremiah Graney, deceased, by which he had bequeathed all of his property to the petitioner and Jennie Leonard, a sister of the decedent, in equal shares. The petition of Patrick F. Graney shows, among other things, that Jeremiah left surviving him the petitioner, a brother, Jennie Leonard and Mary Brake, sisters, Edward Graney, a nephew, and Margaret Graney, widow of the said Jeremiah Graney, deceased, who had for a money consideration paid to her under a post-nuptial agreement renounced all interest in his estate. Notice was duly given to Jennie Leonard, Mary Brake, Edward Graney and Margaret Graney. The will was probated and Patrick F. Graney, named as executor therein, was appointed by the court, qualified, and acted as executor of the will until his death which occurred on

the 3rd day of February, 1925. On February 11, 1925, Jennie Leonard filed her petition in the county court of Kankakee county representing that Patrick F. Graney had not fully executed Jeremiah's will; that she is a sister of Jeremiah Graney and interested in his estate and praying appointment as administratrix *de bonis non* with the will annexed. She gave bond, made oath, and letters were duly issued to her as prayed on February 16, 1925.

On February 21, 1925, Margaret Graney filed a petition setting up the decease of Patrick F. Graney without having fully executed the will; that petitioner is the widow of Jeremiah and is interested in his estate and prays to be appointed administratrix *de bonis non* with the will annexed. Jennie Leonard moved to have this petition dismissed showing that she had been duly appointed as such administratrix, duly qualified and was acting, and that no appeal had been taken from the order appointing her. The county court dismissed the petition of Margaret Graney and she appealed to the circuit court. The circuit court on June 15, 1926, after a hearing at which the above facts were presented, entered an order purporting to revoke the letters issued to Jennie Leonard, to appoint Margaret Graney in her stead and awarding procedendo to the county court. From this order Jennie Leonard appeals individually and as administratrix *de bonis non* with the will annexed to this court.

After the will of the said Jeremiah Graney had been duly probated, with notice to all parties in interest, the sole executor died without having completed the administration. Upon her petition and after having duly qualified, Jennie Leonard obtained letters of administration *de bonis non* with the will annexed. Margaret Graney afterwards petitioned for similar letters, taking the position that the letters issued to Jennie Leonard were void. The petition of Margaret

Graney was by the county court denied but on appeal was granted in the circuit court.

There cannot be two valid grants of letters in an estate at the same time and in the same court. Unless the prior grant of letters to Jennie Leonard was void or was duly set aside or revoked the county court had no power to entertain the petition of Margaret Graney.

In *Munroe v. People,* 102 Ill. 406, at 409 the court said: "It is plain that unless the order revoking the letters of administration granted to Mrs. Osgood be valid, there was no power of jurisdiction in the county court to appoint Young administrator de bonis non, and the order for his appointment was absolutely void." The grant of letters to Jennie Leonard was not void. Margaret Graney in her petition to be appointed administratrix with the will annexed among other things admitted that Jeremiah Graney was dead; that the county court was the proper court in which to administer his estate; and that the executor of his will died February 3, 1925. Upon the filing of the petition by Jennie Leonard the county court had jurisdiction of all the parties to this proceeding, including Margaret Graney, because she had had notice of the probate and as a party to the probate was bound to take notice of all intermediate steps. *Hodson v. Hodson,* 277 Ill. 137. The court, therefore, had jurisdiction to issue letters to Jennie Leonard. By virtue of the letters issued to her she became at least administratrix *de facto* and her appointment was not subject to collateral attack.

In *Wandschneider v. Wandschneider,* 282 Ill. 286, at 293 it is said: "The doctrine that where an administrator has been appointed by the probate court he is at least an administrator *de facto* and the regularity of his appointment cannot be questioned in a collateral proceeding, has never been doubted, as being the correct rule and has never been modified or ques-

tioned.'' Until a successful direct attack upon the letters of Jennie Leonard was made and they were properly set aside or revoked in a proceeding for that purpose there could be no legal issue of letters to Margaret Graney. Jennie Leonard by virtue of her letters of February 16, 1925, being a *de facto* administratrix, her appointment could not be rescinded in favor of Margaret Graney unless upon appeal or by proceedings to revoke them under the statute by a direct attack. *Wight v. Wallbaum,* 39 Ill. 554, 563; *Salomon v. People,* 191 Ill. 290, 294. The petition of Margaret Graney does not purport to attack the appointment of Jennie Leonard in either of the ways above indicated.

County courts have no arbitrary power to remove executors or administrators. *Munroe v. People,* 102 Ill. 406–409; *Clark v. Patterson,* 214 Ill. 533–544.

The statute permits revoking of letters of administration only in case of grant upon false pretenses or when a will is produced or set aside, or in case of lunacy, habitual drunkenness, conviction for infamous crimes, waste or mismanagement, removal from the State, failure to give further or new security or failure to make settlement. Smith-Hurd Statute 1925, chapter 3, sections 27, 28, 29, 30, 31, 32, 33, 34 and 37, Cahill's St. ch. 3, ¶¶ 28–35, 38. The petition of Margaret Graney did not set forth any of the above-mentioned grounds for removal. It did not pray for the removal of Jennie Leonard. No evidence was adduced, nor was it attempted to adduce evidence to establish any one of the grounds for removal in the circuit court.

From the files of the county court, as disclosed by the record in this proceeding, there was no pleading which would enable the court to exercise the statutory powers to remove Jennie Leonard. The county court, therefore, had no power or jurisdiction to remove her and upon appeal the circuit court had no greater

power in this regard. It is quite apparent that the circuit court in this proceeding was exercising an appellant jurisdiction only. This was not a case for an original administration in the circuit court nor an attempt to invoke the extraordinary jurisdiction of chancery over estates. *Patterson v. Patterson,* 251 Ill. 153, 180.

The appeal did not transfer administration of the estate or jurisdiction over the estate or property to the circuit court; it was confined to the single question that was before the county court. *Schofield v. Thomas,* 231 Ill. 114–122. If the county court had no jurisdiction in the premises the circuit court acquired none by the appeal. *Schofield v. Thomas, supra; Chapman v. American Surety Co.,* 261 Ill. 594–603.

In *Munroe v. People,* 102 Ill. 406, the court held that the probate court, in the absence of statutory authority, has no power to remove an administrator or revoke letters of administration after the administrator has accepted and qualified and entered upon his duties; that until some one of the causes mentioned in the statute is placed before the court for action, the court has no power to act at all in this regard—that is, it has no jurisdiction to act.

In *Clark v. Patterson,* 214 Ill. 533, the court approved the case of *Munroe v. People, supra,* and on page 544 said: ''The legislature has not deemed it wise to confer on the courts unrestricted power to revoke letters of executorship, but has expressly declared the grounds on which such revocation may be ordered. It is only when one or more of such statutory causes are properly brought before the court for judicial action thereon that the courts have jurisdiction to revoke the letters of administration or letters testamentary.''

It necessarily follows that the circuit court acquired no jurisdiction to remove Jennie Leonard as admin-

istratrix and its order purporting to do so was and is wholly void.

We are of the opinion, therefore, that the order of the circuit court should be reversed and the order of the county court affirmed, which is accordingly done.

*Order of circuit court reversed and order of county court affirmed.*