In re Estate of Anna M. Hebblethwaite, Deceased. J. Edward Hebblethwaite, Appellant, v. Leon L. Hebblethwaite, Appellee.

Gen. No. 39,568.

Opinion filed February 2, 1938.

ELLIODOR M. LIBONATI, of Chicago, for appellant; ABRAHAM MILLER, of Chicago, of counsel.

MCNAB, HOLMES & LONG, of Chicago, for appellee; ALBERT S. LONG and F. REED DICKERSON, both of Chicago, of counsel.

MR. JUSTICE HALL delivered the opinion of the court.

On April 24, 1934, letters testamentary were issued to Leon L. Hebblethwaite, as executor of the last will and testament of Anna M. Hebblethwaite, deceased. From the record, it appears that the letters testamentary were issued after due proof of the execution of the alleged will had been made, and without objection.

On April 23, 1935, the following petition was filed in the probate court of Cook county:

"Petition of J. Edward Hebblethwaite states that he is the son of Anna M. Hebblethwaite, Deceased;

that on February 24, 1934, the Deceased died; that on April 24, 1934, Letters Testamentary were issued to Leon L. Hebblethwaite predicated on a will which purports to be signed by Anna M. Hebblethwaite, deceased; that petitioner is familiar with the signature of the Deceased, Anna M. Hebblethwaite and is of the opinion that the signature of Anna M. Hebblethwaite to said will is a forgery; that the petitioner has had the said signature examined by a handwriting expert and has been informed that the said signature is a forgery; petitioner prays for an order setting aside the will so that the estate of the Deceased may be distributed according to the laws of the state of Illinois and for an order finding that said will is null and void. Said petition is signed and sworn to by J. Edward Hebblethwaite, April 29, 1935.'' Thereafter, on February 10, 1936, the following order and recitation were entered by the probate court of Cook county:

''Order entered by Probate Court on February 10, 1936, recites that this cause came on to be heard upon the motion of the attorneys for Leon L. Hebblethwaite, executor, to strike the petition of J. Edward Hebblethwaite filed herein on April 23, 1935, and it appearing to the court upon the records of this court, that the said petitioner was present by counsel in court when said will was offered for probate and participated in the hearing upon the offer of the said will for probate, and that more than twenty days had elapsed at the time of the filing of the petition after the time at which the said will was admitted to probate; that no appeal from said order of admission to probate has been taken by said petitioner, it is ordered that said petition of J. Edward Hebblethwaite be and the same is hereby stricken.'' From this order an appeal was taken to the circuit court of Cook county, and on March 10, 1937, that court dismissed the appeal for want of jurisdiction. From the last mentioned order, an appeal was taken to this court.

The only provisions in the statute giving authority to the probate court to revoke letters testamentary after the same have been issued, are as follows (Ill. Rev. Stat. 1937, ch. 3, secs. 29 and 30, §§ 30 and 31; Jones Ill. Stats. Ann. 110.030, 110.031):

"Sec. 29. In all cases where a will, testament or codicil shall have been proved and letters granted thereon, as aforesaid, *and such will shall thereafter be set aside by due course of law, the letters granted thereon shall be revoked.* (Italics ours.)

"Sec. 30. The county court may revoke all letters, testamentary or of administration, granted to persons who become insane, lunatic or of unsound mind, habitual drunkards, are convicted of infamous crimes, waste or mismanage the estate, or who conduct themselves in such manner as to endanger their co-executors, co-administrators or securities, in all which cases the court shall summon the person charged to be in default or disqualified, as aforesaid, to show cause why such revocation should not be made. When revocation is made, the reason therefor shall be stated at large upon the record."

Chapter 148, § 7, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 110.219, is, in part, as follows:

"When any will, testament or codicil shall be exhibited in the County Court for probate thereof as aforesaid, it shall be the duty of the court to receive the probate of the same without delay, and to grant letters testamentary thereon to the person or persons entitled, and to do all other needful acts to enable the parties concerned to make settlement of the estate at an early day as shall be consistent with the rights of the respective persons interested therein:

"Provided, however, that if any person interested shall within one (1) year after the probate of any such will, testament or codicil in the County Court as aforesaid, appear and by his or her complaint in chancery contest the validity of the same, an issue at law shall

be made up whether the writing produced be the will of the testator or testatrix or not, which shall be tried by a jury in the Circuit Court of the county wherein such will, testament or codicil shall have been proven and recorded as aforesaid, according to the practice in other civil cases; but if no such person shall appear within the time aforesaid, the probate, subject to the provisos hereinafter set forth, shall be forever binding and conclusive on all parties concerned, saving to infants or non compos mentis, the like period after the removal of their respective disabilities."

In *Munroe v. People,* 102 Ill. 406, the county court of Will county attempted to revoke letters of administration already issued, and on the question as to the power of the court to revoke, the Supreme Court said: "On inspection of the transcript of the proceedings of the county court, in which the supposed revocation of her letters occurred, we are of the opinion that the order of revocation was and is utterly void, and of no effect whatever." In this same case, after citing and quoting section 30 of the Administration Act hereinbefore referred to, the Supreme Court further said:

"These are the cases, [those provided by statute] and (so far as called to our attention) the only cases, wherein power is given by statute to the county court to remove an administrator and revoke and repeal his letters of administration. Until some one of the causes mentioned in the statute is placed before the court for action, the court has no power to act at all in this regard,—has no jurisdiction to act. To render the judgment of any court valid, it is essential that such court shall have jurisdiction of the person, and also of the subject matter. Looking at the full transcript, we find that when the county court made the order revoking the letters granted to Mrs. Osgood, that court had neither."

In *Clark v. Patterson,* 214 Ill. 533, in a case very similar to the instant case, the Supreme Court said: "The legislature has not deemed it wise to confer on

the courts unrestricted power to revoke letters of executorship, but has expressly declared the grounds on which such revocation may be ordered. It is only when one or more of such statutory causes are properly brought before the court for judicial action thereon that the courts have jurisdiction to revoke letters of administration or letters testamentary. (*Munroe v. People,* 102 Ill. 406.) The statutory grounds for revocation of letters testamentary are, that the will has been set aside by 'due course of law,' (sec. 29); that the executor has 'become insane, lunatic or of unsound mind, habitual drunkards, are convicted of infamous crimes, waste or mismanage the estate, or who conduct themselves in such manner as to endanger their co-executors, co-administrators or securities,' (sec. 30,) and the effect of removal from the State is set forth in sections 31 and 32. Some one or more of the causes enumerated in section 30 must, of course, be relied on as grounds for revocation as applied to this case.''

See also *In re Last Will and Testament of Graney,* 245 Ill. App. 407.

In the instant case, the probate court had no power to revoke the letters testamentary, except that given by section 30 of the act quoted, and we are of the opinion that the only remedy provided by law for contesting the validity of this will after the same had been admitted to probate and letters testamentary had been issued thereon, is that provided by ch. 148, § 7, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 110.219, entitled, "Wills." The probate court was correct in its finding and order, and the circuit court was right in dismissing the appeal. The judgment is, therefore, affirmed.

*Affirmed.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.