In re Estate of Fatimma Herrin, Deceased, et al., Appellants, v. Everett Stocks, Administrator of Estate of Fatimma Herrin, Deceased, Appellee.

Heard in this court at the October term, 1941. Opinion filed March 2, 1942. Rehearing denied April 15, 1942.

A. D. Morgan, of Herrin, for appellants.

SNYDER E. HERRIN, of Herrin, and STONE & FOWLER, of Marion, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal from an order of the circuit court of Williamson county, in the matter of the estate of Fatimma Herrin, deceased, wherein said court denied the petition of John Herrin and Cora Dawson, appellants (hereinafter designated as petitioners) for the revocation of letters of administration theretofore issued in the county court of Williamson county, to Everett Stocks, appellee (hereinafter designated as respondent), administrator of the above estate.

It appears from the record that Fatimma Herrin died intestate January 7, 1939, leaving surviving her, four children, John Herrin, Cora Dawson, the petitioners; Jeff Herrin and Mark Herrin. Fatimma Herrin was preceded in death by her husband, Ephraim Herrin, who died January 5, 1918, leaving surviving him the widow, and the four children as above. His will disposed of considerable property, and provided that his son, John Herrin and widow, Fatimma Herrin, should be co-executors and trustees of the estate; that his widow should have a life estate with power to sell any property and that after her death, John Herrin was to continue to act as executor and trustee.

Upon the death of Fatimma Herrin,—Jeff Herrin, Cora Dawson and John Herrin, met at the home of Cora Dawson, where the deceased had made her home and where she died, and each of them picked out certain articles, the property of the mother, that they wanted and Jeff Herrin picked out certain things for Mark Herrin, who then lived in Colorado. The value of these articles seems to have been very nominal. This settlement seemed agreeable to all concerned. The funeral expenses, digging of the grave, construction of the vault and expenses of last illness of Fatimma Her-

rin, were all paid by John Herrin, out of the estate of Ephraim Herrin.

On October 18, 1939, a petition was filed in the county court of Williamson county, by Jeff Herrin, stating that Fatimma Herrin died January 7, 1939, intestate, leaving personal estate consisting of wearing apparel, household goods and personal ornaments to the value of about $500, and asked that Everett Stocks be appointed administrator of her estate. Stocks filed his bond and oath and letters of administration were issued to him.

On October 24, 1939, John Herrin and Cora Dawson filed their petition in the county court, asking for the removal of Everett Stocks as administrator of the estate of Fatimma Herrin, and at the same time a petition was filed by Cora Dawson, setting forth that Fatimma Herrin died intestate and possessed of real and personal estate consisting chiefly of certain choses in action, all of said personal estate being estimated to be worth $500. Various motions were filed, a consideration of which is not material here. Eventually, an amended petition was filed by petitioners, John Herrin and Cora Dawson, which prayed for the revocation of the letters of administration to Everett Stocks, upon the ground that said letters were granted to him upon false pretenses made by Jeff Herrin in his petition for the appointment of the said Stocks; that the said Jeff Herrin had falsely represented that Fatimma Herrin died seized of personal property consisting chiefly of wearing apparel, household goods and personal ornaments, worth about $500; that the said Fatimma Herrin was not so possessed of this property at the time of her death, all of which was known to the said Jeff Herrin.

The amended petition further set forth that no administration was necessary on the estate of Fatimma Herrin, for the reason that all claims against the estate were paid by John Herrin, surviving executor of the last

will and testament of Ephraim Herrin, with the knowledge and consent of the other heirs; that the other heirs allowing that to be done and being under no disability and of lawful age waived any alleged right to administer; that the said petition of Jeff Herrin was null and void for the reason that said petition was not joined in by a majority of the other heirs. Failure of the trial court to take cognizance of this last proposition was not assigned as error and not argued here.

After a hearing in the county court on amended petition and answer thereto, an order was entered by said court denying the prayer of the petition. From this judgment petitioners prosecuted an appeal to the circuit court of Williamson county, which court heard the matter *de novo* and entered judgment denying the prayer of the amended petition, from which judgment appeal was prosecuted to this court.

It is the contention of petitioners, in this court, that under the will of Ephraim Herrin, deceased, there were no assets in the possession of Fatimma Herrin, at the time of her death, which at law could be considered as property belonging to her. At one place in their brief counsel for petitioners say that the petitioners are vitally interested in the estate of Ephraim Herrin. This court does not feel constrained in this case, in any way to construe the will of Ephraim Herrin. It is also hinted that the court should approve the family settlement alleged to have been entered into. It is our understanding from the evidence that the property in controversy, which was to have been administered upon by Everett Stocks, as administrator of the estate of Fatimma Herrin, was property that was not involved in the estate of Ephraim Herrin, nor in the so-called family settlement.

In the county court, Cora Dawson, one of the petitioners filed a verified petition, asking that she be appointed administrator of the estate of Fatimma Her-

rin, setting forth that the said Fatimma Herrin died possessed of personal estate, consisting chiefly of certain chose in action, estimated to be worth about $500. In the hearing in the circuit court, Cora Dawson admitted signing said petition. The other petitioner, John Herrin, testified in the same hearing that Cora Dawson and he executed a motion in the county court and along with the motion, he filed the petition of Cora Dawson for letters of administration.

Parties may not thus shift their ground. A litigant cannot try a case on one theory in the trial court and on another theory in a court of review. *Levy v. Payne,* 208 Ill. App. 141; *Lanser v. Fidler,* 158 Ill. App. 94; *Lewy v. Standard Plunger Elevator Co.,* 296 Ill. 295, aff'g 218 Ill. App. 306. Petitioners can hardly be heard to argue in this court, that no administration was necessary because there was no property, when they presented to the county court, the petition, under oath of Cora Dawson, representing that there was an estate estimated at $500, and such fact was admitted in the circuit court. What that property consisted of, was not required to be described in the petition for letters, only the amount of value of the personal estate being required. Section 20, chapter 3, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 110.020]. What the personal estate consists of, is the office of the inventory required by statute.

The only real question presented here, for the consideration of this court, is whether the trial court erred in denying the petition of John Herrin and Cora Dawson, for a revocation of the letters of administration issued to Everett Stocks, because of false pretense on the part of Jeff Herrin, in the obtaining of those letters. The county court is powerless to revoke letters of administration for any other than statutory causes, and it has no jurisdiction to act until some one of the causes mentioned by the statute are presented to it.

*Munroe v. People for use of Young,* 102 Ill. 406; *Clark v. Patterson,* 214 Ill. 533; *In re Estate of Hebblethwaite,* 293 Ill. App. 493, 12 N. E. (2d) 923.

In the testimony of the two petitioners, the only testimony abstracted to any extent, might well in the opinion of the trial court have failed to show any such false pretense on the part of Jeff Herrin as would justify a revocation of the letters of administration to Everett Stocks. John Herrin testified that he never heard of any other personal estate belonging to Fatimma Herrin, except through the petition of Jeff Herrin. Cora Dawson testified that she did not know of any other estate until the filing of the petition by Jeff Herrin. This testimony would hardly justify the trial court in finding that in accordance with the allegations of the amended petition, Jeff Herrin had falsely represented that Fatimma Herrin had died seized of personal estate worth $500 and that he knew that such statement was untrue at the time he made it, particularly as the value of the estate was the only necessary allegation in the petition for letters and both Cora Dawson and John Herrin had represented to the county court that Fatimma Herrin did have an estate valued at $500. The judgment of the trial court is conclusive on all questions of fact, if not manifestly against the weight of the evidence. *Paterson v. Whitney,* 67 Ill. App. 290; *Shapleigh Hardware Co. v. Enterprise Foundry Co.,* 305 Ill. App. 180, 27 N. E. (2d) 1012. We do not believe that the finding of the court in this case was contrary to the manifest weight of the evidence. On the record before us there can be no other conclusion reached than that the judgment of the trial court should be sustained.

*Affirmed.*